**HOLIDAY INNS, INC., Plaintiff,**

v.

**HOLIDAY OUT IN AMERICA, and Holiday Out in America at St. Lucie, Inc., Defendants.**

**No. 70–1533–Civ.**

United States District Court,
S. D. Florida,
Miami Division.

June 20, 1972.

---

James L. Kurtz, Washington, D. C. and Theodore P. Mavrick, Fort Lauderdale, Fla., for plaintiff.

Robert S. Swecker, of Burns, Doane, Swecker & Mathis, Washington, D. C. and Karl V. Hart, of Shutts & Bowen, Miami, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ATKINS, District Judge.

### I.

## INTRODUCTION

Plaintiff, Holiday Inns, Inc., filed this civil action under 28 U.S.C. § 1338 seeking injunctive relief and damages under the laws of the United States and Florida for service mark infringement and unfair competition. Plaintiff also charges the defendants with deceptive trade practice, injury to its business reputation and dilution of its marks. Finally, plaintiff seeks review of the decision of the U. S. Patent Office Trademark Trial and Appeal Board dated August 6, 1970 dismissing plaintiff's opposition to the registration of defendants' service mark.

Defendants counterclaim for declaratory judgment of non-infringement. Defendants also by counterclaim request the cancellation of plaintiff's registrations pursuant to 15 U.S.C. § 1119 and seek an award of damages pursuant to 15 U.S.C. § 1120.

During the course of the trial, the Court dismissed defendants' counterclaim seeking cancellation of plaintiff's marks on the basis of defendants' failure to satisfy the standing requirements of 15 U.S.C. § 1064.

### II.

## THE PARTIES

1. Plaintiff, Holiday Inns, Inc., is a Tennessee corporation having its principal place of business in Memphis, Tennessee.

2. Defendant, Holiday Out in America, is a partnership consisting of Hazen H. Kreis and Robert A. Epperson, both of whom are residents of Knoxville, Tennessee.

3. Defendant, Holiday Out in America at St. Lucie, Inc. is a Florida corporation having its principal place of business in Jensen Beach, Florida.

### III.

## THE MERITS

4. Plaintiff is the owner of the service marks HOLIDAY INN (arcuate script), HOLIDAY INN (linear script), the design of the distinctive "Great Sign" which bears the name "HOLIDAY INN" in script lettering, HOLIDAY INN OF AMERICA, HOLIDAY INNS OF AMERICA, and THE NATION'S INNKEEPER which, respectively, bear Registration Nos. 592,539; 592,540; 592,541; 656,921; 856,621 and 851,622.

5. Plaintiff operates an international system of motel facilities in which the service marks identified in 4 above are used. While plaintiff itself is the owner of approximately one-fifth of the motels within its system, the remainder are owned by various third parties who operate the motels under franchise agreements with the plaintiff.

6. The plaintiff has encouraged its franchisees as well as its own units to make use of the words "HOLIDAY INN" in a form substantially identical to the form in registration Nos. 592,540 and 592,541. Additionally, the marks are primarily used in association with the colors orange, yellow and green.

7. With only few exceptions, the distinctive "Great Sign" is displayed on the premises of the units within plaintiff's system. The manner of displaying these signs as well as rigorous maintenance standards are closely controlled by plaintiff.

8. Plaintiff and its franchisees, in the promotion of their motel facilities, have extensively advertised in radio, television and newspapers.

9. In recent years, plaintiff has expanded into businesses other than that of providing lodging and restaurant services. Among these businesses is a division which owns and franchises campground facilities using the mark HOLIDAY INN TRAV-L-PARK.

10. The defendant partnership and the defendant Florida corporation are

operating travel trailer resorts at Tansi, Tennessee and at St. Lucie, Florida.

11. Since early 1967 and continuing to the present, defendants have used the mark HOLIDAY OUT in connection with the aforesaid travel trailer facilities.

12. Defendants' properties at Tansi and St. Lucie are divided into small lots containing parking slabs and connections for electricity, water and sewage. The defendants sell the lots on a condominium basis and serve as rental agents for those lot owners wishing to rent their lots to transients. Defendants' facilities are restricted to those persons having travel trailers. Defendants provide no motel-type accommodations.

13. Defendants' mark HOLIDAY OUT is displayed at the St. Lucie facility by large black metal letters in block form mounted on the stone wall at the entrance. At the Tansi facility, the mark HOLIDAY OUT is displayed on a wood sign that is painted brown and yellow. The marks HOLIDAY OUT and HOLIDAY OUT IN AMERICA are also used in advertising defendants' services.

14. From a time prior to defendants' first use of HOLIDAY OUT and HOLIDAY OUT IN AMERICA, plaintiff has continuously used and advertised the service marks HOLIDAY INN and HOLIDAY INN OF AMERICA throughout the United States, including the States of Florida and Tennessee in connection with the sale, offer for sale and advertising of motel services by plaintiff-owned motel facilities as well as by plaintiff's franchisees.

15. Prior to defendants' adoption and use of the marks here in issue, and continuously during all other times relevant hereto, plaintiff has given statutory notice of the registration of its marks in accordance with 15 U.S.C. § 1111.

16. On January 23, 1967, defendant partnership filed an application in the United States Patent Office for registration of its mark HOLIDAY OUT for the services described as "maintaining and operating campground facilities for campsite owners." After examination, the Patent Office Examiner found that there was no likelihood of confusion between the mark HOLIDAY OUT and any registered mark. Accordingly, approval was given for publication of defendants' mark in The Official Gazette of June 25, 1968 for the purpose of opposition by persons who believed that they would be damaged by registration of said mark.

17. On or about July 23, 1968 plaintiff filed in the Patent Office an opposition to the registration of defendants' mark. Both parties introduced evidence and presented briefs. After a hearing, the Trademark Trial and Appeal Board on August 5, 1970 dismissed the opposition on the ground that there was no likelihood of confusion between plaintiff's marks and defendants' mark. 167 U.S.P.Q. 313 (TTAB 1970).

18. Plaintiff has taken an appeal from the decision of the Trademark Trial and Appeal Board. This appeal, pursuant to 15 U.S.C. § 1071(b) is in the nature of a trial de novo, although the decision of the Patent Office must be accepted as controlling on issues of fact "unless the contrary is established by testimony which in character and amount carries thorough conviction."

19. The principal issue before the Trademark Trial and Appeal Board was whether defendants' mark HOLIDAY OUT, as applied to its services, so resembles the plaintiff's registered marks as applied to plaintiff's services so as to be likely to cause confusion or mistake and/or to deceive purchasers of defendants' services.

20. A substantial portion of the evidence introduced by plaintiff bearing on the question of likelihood of confusion consisted of testimony and documentary exhibits growing out of a survey conducted by Dr. O. H. Gibson, Jr. While many criticisms of the survey and the methodology employed therein are meritorious, the single most telling fault is the survey's total failure to segregate the additional confusion that is caused

by the words HOLIDAY OUT read together as opposed to the use of the word "holiday" alone. It is clear, of course, that plaintiff makes no claim with respect to the word "holiday" alone. Without the means to make this critical differentiation, the survey becomes a mere word association test which can be given little weight by this court.

21. Before dismissing plaintiff's opposition to the registration of defendants' mark, the Trademark Trial and Appeal Board had the benefit of testimony of Hazen Kreis regarding the origin of the mark HOLIDAY OUT and its use by defendants in connection with defendants' services. KREIS testified that the name HOLIDAY OUT was first suggested by his nine year old son as a name for their travel trailer while he and his family were on vacation. Subsequently, Kreis established the facility at Tansi, Tennessee and used HOLIDAY OUT because it suggested being on vacation and camping out.

22. It is undisputed that the defendant partnership developed travel trailer facilities and used the mark HOLIDAY OUT with full knowledge of plaintiff and its registered marks.

23. Plaintiff has failed to show that defendants caused its customers or prospective customers to believe that there was some connection between plaintiff and defendants.

24. Defendants' advertising is dissimilar to plaintiff's advertising, except for the word "HOLIDAY" which is common to the marks of both parties.

25. In its decision dismissing plaintiff's opposition to the registration of defendants' mark, the Trademark Trial and Appeal Board noted the lack of similarity between the terminal portions of the marks HOLIDAY INN and HOLIDAY OUT. To remedy this deficiency, plaintiff introduced the video deposition * of Dr. Bergen Evans, a noted lexi-

cographer. An analysis of Dr. Evans' very interesting testimony leaves the impression that while the phonetic "inn" or "in" would evoke the word "out", the association suggested by the written usage of the word "out" would depend greatly on the context in which the words are used. The Court is not persuaded that a person, upon seeing defendants' mark in an advertisement for a travel trailer facility, necessarily associates same with plaintiff's mark used in the operation of a motel chain. More persuasive in this regard is the testimony of Jack Sailer, a former manager of a Holiday Inn franchise located approximately six miles from defendants' St. Lucie facility. During Sailer's two and a half year tenure as manager of plaintiff's franchisee, he could not recall one occasion where persons exhibited a belief that there was a connection between plaintiff and defendants. It would seem that the most likely place for confusion to occur between the marks of the parties would be in those areas where their respective facilities are in such close proximity. Plaintiff introduced no evidence of actual confusion at the Holiday Inn closest to defendants' St. Lucie facility nor did they introduce any evidence that plaintiff's franchisees have complained that persons have been making inquiries of them regarding defendants' facilities at either Tansi or St. Lucie.

26. In further support of its claim of actual confusion, plaintiff introduced a number of letters (Plaintiff's Exhibits 1056, 1057 and 1059) purporting to show that the writers were confused between defendant and plaintiff. The letters were allowed to withstand a hearsay objection after plaintiff recited that they were introduced solely to show that they were written, and not for the truth of the matters recited therein. While the Court is not unaware of the body of law shifting the burden to the defendant

---

* The use of this discovery tool was a case of "first impression" with this Court. With proper safeguards, the video deposition will be a great aid in the search

for truth. See Carson v. Burlington Northern, Inc., 52 F.R.D. 492 (D.Neb. 1971).

upon a showing of actual confusion, these letters do not reach this level. The brevity of the letters, the fact that the writers were not called to testify and thus were unavailable for cross-examination, the unsubstantiated legitimacy of the letters, and the absence of evidence which corroborates the actual confusion they purport to show, all militate against such an interpretation of these letters. Without more, it is rank speculation to assume that defendants' advertising or defendants' use of the mark caused the letter writers or unnamed third parties to believe there to be a business association between plaintiff and defendants.

27. C. Kemmons Wilson, founder and presently chairman of the Board of Directors of the plaintiff corporation, testified at trial and detailed the importance of the "Great Sign" as distinguishing units of the plaintiff chain from other motels being operated under a name which includes the word "holiday".

28. The plaintiff has not presented proof which in character and amount carries thorough conviction that the decision of the Patent Office was error in finding that there is no likelihood of confusion.

29. A careful review of the marks herein involved and the manner in which they are used as evidenced by samples of advertising copy and testimony of various witnesses convinces the Court that the plaintiff has failed to show the likelihood of confusion between the marks of the respective parties as applied to their respective services.

30. As is true of plaintiff's claim of infringement under the Lanham Act, the crucial question to be determined in the claim of unfair competition and infringement under the common law of Florida relates to the likelihood of customer confusion. Plaintiff has not shown that customers are drawn to the defendants under the mistaken belief that defendants are connected with the plaintiff corporation. In other words, it has not been shown that the defendants'

mark so closely approximates plaintiff's mark so as to make it likely that defendants' services will be "palmed off" as the services of the plaintiff.

31. Plaintiff also alleges that it is damaged by a false designation of origin or false description or representation of defendants' services under Section 43(a) of the Trademark Act (15 U.S.C. § 1125(a)). In order to prevail, plaintiff must show that defendants are using, or have used words or symbols in connection with defendants' services to indicate falsely that its services originate with plaintiff. None of defendants' advertising refers specifically to plaintiff. Plaintiff has not shown any false statements in defendants' advertising and has not shown that any persons were deceived as to origin of defendants' services.

32. In the absence of competent evidence indicating deception, fraud, confusion or "palming off" of defendants' services as those of plaintiff, plaintiff may not succeed on its anti-dilution or deceptive practices claims.

33. In light of the court's findings with respect to the equitable relief sought by the plaintiff, it is unnecessary to reach the questions: Whether or not defendants may assert a defense of unclean hands; and whether or not any such defense is meritorious.

## CONCLUSIONS OF LAW

1. This is an action: (a) arising under the Trademark Laws of the United States, 15 U.S.C. § 1051 et seq. for service mark infringement and unfair competition; (b) arising under the common law of the State of Florida for service mark infringement and unfair competition; and (c) arising out of F.S. §§ 495.121 and 817.69 through 817.72, F.S. A., for injury to business reputation and dilution and for deceptive trade practices. This action also involves a review, pursuant to 15 U.S.C. § 1071(b), of an opinion of the Trademark Trial and Appeal Board.

2. The defendants counterclaimed: (a) under 28 U.S.C. § 2201 for a declaratory judgment of lack of infringement; (b) under 15 U.S.C. § 1119 for cancellation of certain of plaintiff's service mark registrations, and (c) under 15 U.S.C. § 1120 for an award of damages.

3. The Court has jurisdiction over the parties and the subject matter, 28 U.S.C. § 1338.

4. Plaintiff failed to offer evidence which in character and amount carries thorough conviction that the decision of the Trademark Trial and Appeal Board was in error. Accordingly, plaintiff's appeal under 15 U.S.C. § 1071(b) is dismissed.

5. The defendants have failed to satisfy the standing requirements of 15 U.S.C. § 1064 thus compelling the dismissal of their counterclaim to cancel plaintiff's marks.

6. The evidence shows that there is no likelihood of confusion between plaintiff's service mark registrations Nos. 592,539 (HOLIDAY INN–arcuate script); 592,540 (HOLIDAY INN –linear script); 592,541 (The Great Sign); 656,921 (THE NATION'S INNKEEPER); 851,621 (HOLIDAY INN OF AMERICA); 851,622 (HOLIDAY INNS OF AMERICA), as applied to motel services, and defendants' mark HOLIDAY OUT and the words HOLIDAY OUT IN AMERICA and THE NATION'S CAMPGROUND used by defendants in connection with their travel trailer resort business.

7. Plaintiff has failed to prove actual confusion in the sense that purchasers of defendants' services have believed that said services were being provided by the plaintiff corporation.

8. Defendants have not, and are not, infringing plaintiff's service mark registrations.

9. There has been no palming off of defendants' services as being that of the plaintiff.

10. Defendants have not engaged in unfair competition with plaintiff under the Common Law of Florida.

11. Defendants have not violated 15 U.S.C. § 1125(a) by falsely designating the origin of defendants' services.

12. Defendants have not engaged in deceptive trade practices in violation of Florida Statutes §§ 817.69–817.72, F.S.A.

13. Defendants have not violated Florida Statute § 495.151, F.S.A. relating to dilution of trademark rights.

14. Inasmuch as the defendants have obtained a favorable ruling on plaintiff's claims, it is unnecessary to treat the defendants' equitable defense of "unclean hands".

15. The defendants are entitled to declaratory judgment of non-infringement of plaintiff's marks as well as costs to be hereinafter taxed by the Clerk of the Court.