**In re MULTI–DISTRICT LITIGATION AGAINST EASTERN AIR LINES ARISING OUT OF AIR CRASH, CHARLOTTE, NORTH CAROLINA, SEPTEMBER 11, 1974.**

**MDL Docket No. 202.**

United States District Court, W. D. North Carolina, Charlotte Division.

Aug. 29, 1975.

---

James P. Crews, Rodney A. Dean, Carpenter, Golding, Crews & Meekins, Charlotte, N. C., James M. FitzSimons, Mendes & Mount, New York City, for defendants.

Warren C. Stack, Richard D. Stephens, Charlotte, N. C., Bruce Walkup, Gerald C. Sterns, Ralph W. Bastian, Jr., John Echeverria, San Francisco, Cal., for plaintiff Shelley, Executor of William Miles Shelley and Cummings, Anc. Executor of Charles Ward Cummings.

James R. Fauci, DeBlasio & Meagher, New York City, for plaintiff Sanders, Executor of Debra Sanders.

Stephen C. Swain, Stant & Stant, Virginia Beach, Va., Jack B. Stokes (guardian ad litem for Rodney C. Lundy), Norfolk, Va., for plaintiffs Swain and Lundy, Executors of William W. Lundy.

Ellis I. Kahn, Charleston, S. C., Charles F. Krause, Speiser & Krause, New York City, Gerard R. Lear, Smiley & Lear, Washington, D. C., for plaintiffs Brummer, Executor of Estelle Brummer, Burnham, Caroline, Burnham, Robert M., Hendrix, Patricia N. and Hendrix, III, Royal F.

William J. Cronan, Jr., Charleston Heights, S. C., for plaintiff Crosland, guardian ad litem of Scott R. Johnson.

Walter M. Bailey, Jr., Summerville, S. C., for plaintiff Schulze, Linda Gail and Schulze, James L.

Richard M. Kennedy, Jr., Columbia, S. C., for plaintiff McFall, Executor of Henry Eugene McFall.

Alan M. Darnell, Robert N. Wilentz, Wilentz, Goldman & Spitzer, Perth Amboy, N. J., for plaintiff Greene, Admin. of Jacqueline Lyvern Shaw.

A. Myles Haynes, Haynes, Baucom, Chandler & Claytor, Charlotte, N. C., Howell, Kirby, Montgomery, D'Aiuto & Dean, West Palm Beach, Fla., for plaintiff Whitley, Anc. Executor of Adrian C. Daniels.

Joseph V. Angiolillo, White Plains, N. Y., for plaintiff Carpenter, Admin. of Albert R. Carpenter; and Burren, Admin. of Robert A. Burren.

James M. Talley, Horack, Talley, Pharr & Lowndes, Charlotte, N. C., for plaintiff Norem, Executor of Walter E. Norem.

ORDERS APPOINTING A PLAINTIFFS' TRIAL COMMITTEE AND OUTLINING SOME OF ITS FUNCTIONS; REQUIRING RESPONSE TO INTERROGATORIES AND OTHER DISCOVERY PROCEDURES ALREADY INSTITUTED; REQUIRING EARLY PRODUCTION OF DATA BEARING UPON COMPENSATORY DAMAGES; SETTING A TIME TO COMPLETE DISCOVERY AND AN ESTIMATED TRIAL DATE; SETTING A NOVEMBER 1, 1975 SETTLEMENT DATE BEFORE WHICH SETTLING PLAINTIFFS WILL HAVE NO OBLIGATION TO PAY FEES OF THE TRIAL COMMITTEE, BUT AFTER WHICH THEY WILL HAVE SOME SUCH OBLIGATION; CONSOLIDATING THE VARIOUS CASES FOR CERTAIN PRE-TRIAL PURPOSES; PROVIDING FOR ECONOMICAL HANDLING OF PAPER WORK AND ORDERLY PROGRESS TOWARD TRIAL; AND OTHER MATTERS.

McMILLAN, District Judge.

This order will govern proceedings in actions now or later pending in this

court arising out of the captioned airline crash, including those actions transferred here by the Judicial Panel on Multi-District Litigation by order of April 30, 1975, and any related actions that may be filed in or transferred or removed to this court. All such actions are hereby consolidated for purposes of pre-trial.

A first conference among court and counsel was held on August 28, 1975, in all cases pending in this court which arise out of the Eastern Airlines passenger plane crash in Charlotte on September 11, 1974.

Numerous matters were discussed, and the court is grateful for the assistance of counsel. Pursuant to that conference, the following orders are made:

1. A plaintiffs' trial committee is hereby established, consisting of Warren C. Stack of Charlotte, Gerald C. Sterns of San Francisco, California, Gerard R. Lear of Washington, D. C., and Walter M. Bailey, Jr., of Summerville, South Carolina. Mr Stack and Mr. Sterns, for purposes of the committee, will have only one vote between them.

2. The committee shall have sole authority to control, coordinate and carry out all pre-trial discovery proceedings common to the issues of liability for damages and of punitive damages, subject to further conditions specified herein. Depositions on these issues on behalf of all plaintiffs shall be conducted by any of the four members of the committee or by any experienced and qualified member of their respective firms who may be approved in advance by the court. Any other plaintiff's attorney may attend such deposition and conduct additional but non-repetitive examination of such a deponent on behalf of his client alone, but may not conduct a separate deposition. A witness whose deposition has been taken may not be subjected to a second deposition in this proceeding except for good cause shown, and upon order of court. Plaintiffs

whose attorneys receive proper notice of such a deposition, and fail to attend or participate, shall be deemed to have waived attendance and participation.

3. Service of all notices, interrogatories, motions, orders and other communications upon James P. Crews, Attorney, of Charlotte, shall be deemed service upon Eastern Airlines; service upon James M. FitzSimons, Attorney, Mendes & Mount, 27 William Street, New York, New York 10005, shall be deemed service upon the defendant McDonnell Douglas Corporation, and service upon Warren C. Stack, Attorney, of Charlotte, North Carolina, shall be deemed service upon all plaintiffs in these cases.

4. Any motion, notice of depositions, interrogatories and requests for admissions by the plaintiffs' trial committee and relating to the common issues of liability and punitive damages shall be designated as emanating from plaintiffs' committee and shall be properly served upon all defendants' attorneys.

5. Any motion or objection by any defendant and relating to the common issue of liability shall be properly served upon Mr. Stack and upon attorneys for the other defendants.

6. Compensation to the members of the plaintiffs' trial committee shall be dealt with by later orders of court.

7. A signed original and two copies of any pleading or paper, other than proposed orders, shall be filed. In the case of proposed *orders,* an original and and sufficient copies for service on all attorneys on the service list shall be submitted. All papers filed shall bear the identification "MDL Docket No. 202." When such paper relates to *all* these actions, the MDL docket number shall be followed *only by the notation* "ALL CASES." If such paper does not relate to all of these actions the individual docket numbers assigned by the clerk of this court of those actions to which the paper relates shall also be listed. If such paper relates to five or fewer

actions the abbreviated caption of each of the actions should be listed opposite its number.

8. Any paper which is to be filed in any of these actions shall be filed with the clerk of this court and not with the transferor court.

9. Counsel who appeared in the transferor court prior to the transfer need not enter a separate appearance before this court.

10. At the conference, a copy of the panel service list was circulated, and the clerk will forward copies of the list to each attorney. Thereafter, any attorney who wishes to have his name added to or deleted from such panel service list may do so upon request to the clerk and notice to all other persons on such service list. Service shall be deemed sufficient if made upon all attorneys on the panel service list.

11. Counsel for each group of parties whose interests are similarly aligned may designate liaison counsel, subject to the approval of the court. Liaison counsel shall be authorized to receive orders and notices from the court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request.

12. No parties shall be required to obtain local counsel in this district and the requirements of Rule 1 of the Rules of this court are waived as to any attorney who is duly admitted to practice before any United States District Court.

13. Hearings shall not be held on any motions filed except by order of court upon such notice as the court may direct.

14. Any paper which is substantially identical to any other paper filed in another of these actions shall be sufficient if it incorporates by reference the paper or portions of a paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers they shall join in the submission of such papers and shall file only one paper on behalf of all so joined.

15. Any orders including protective orders previously entered by this court or any transferor court shall remain in full force and effect until modified by this court upon application.

16. The court will be guided by the Manual for Complex Litigation approved by the Judicial Conference of the United States and counsel are directed to familiarize themselves with that publication.

17. With particular reference to various questions having to do with the time table and specific issues raised at the conference, the court further orders as follows:

(a) The clerk of this court will maintain either in the Charlotte office or in a nearby room, facilities for the storage of documents and for making them available to counsel and other authorized parties.

(b) Defendants have received several sets of interrogatories and notices to produce. Some of them overlap. The defendants are directed to answer such interrogatories and notices to produce by October 6, 1975. Duplicate answers need not be supplied. It will be deemed compliance with this order if defendants prepare one answer to each request or interrogatory, without duplication, and make answer to duplicate inquiries by reference to answers elsewhere given. Copies of such discovery shall be filed by the defendants with the clerk of court and shall be available in the office of the clerk of court in Charlotte to attorneys and their authorized designees. A list of the information thus developed shall be sup-

plied to the plaintiffs' trial committee and shall be available to all counsel.

(c) All plaintiffs are directed to supply defendants by September 29, 1975, with full information (regardless of whether defendants have already requested it) regarding special damages, medical bills, funeral and other expenses, age, earnings history, employment, experience and capacity, health, medical and accident history, family and dependency status, talents, skills, avocations, present pursuits, personality and temperamental traits and future prospects and all other information which bears or may bear upon the value of the cases for purpose of possible compromise settlement. All discovery demands which will inform the defendants as to settlement information not specifically included in the above list shall be met. If a compromise settlement of any case has been agreed upon and the court has been notified in writing by November 1, 1975, the plaintiff or plaintiffs in such case shall not have to bear any portion of the expenses or fees of the plaintiffs' trial committee. Plaintiffs in cases not settled by November 1, 1975, will be required to pay a share of the expenses and fees of the plaintiffs' trial committee. Determination of such costs and fees will be made by the court.

(d) Discovery may resume immediately and must be completed by February 1, 1976. No order or sequence of discovery is required. Neither party has to wait until the other has finished discovery before proceeding with discovery of his own. The plaintiffs' trial committee and the defendants' attorneys are requested to cooperate in devising the most economical and efficient way to accomplish this.

(e) On the present pleadings the scope of discovery does not appear to include possible liability of any other party for contribution or indemnity. Discovery may be had on that subject where it is raised by the pleadings, in the conduct of depositions taken on the issues of liability and punitive damages, wherever witnesses on liability and punitive damages also have information on indemnity or contribution. However, no discovery of other witnesses on indemnity or contribution should be undertaken which will appreciably delay discovery on the issues of liability and punitive damages.

(f) No master or discovery "judge" will be appointed. However, counsel are encouraged to communicate with this court by telephone if questions arise during depositions which can be answered by this court before the deposition adjourns.

(g) It is the court's present thinking on a number of issues not yet presented but visible on the horizon, and discussed at the hearing, that

(1) the first case tried should be a case involving issues of liability, compensatory damages and punitive damages (if the evidence supports an issue of punitive damages);

(2) probably all cases not then settled which involve punitive damages should be tried here, together;

(3) the trial of the issue of liability and the issue of punitive damages should be controlled by the plaintiffs' trial committee but that separate presentation by individual counsel may be in order on the question of actual damages in each such case;

(4) liability of various plaintiffs for portions of fees and expenses of plaintiffs' trial committee may well vary;

(5) questions of indemnity and contribution should not be tried as

part of the case of any of the plaintiffs; and

(6) these cases should not be combined with cases involving claims by members of the airplane crew against third party defendants.

18. The cases will be for trial by jury.

19. The court will set a trial date for a time between February and April, 1976, which is consistent with the increased use of the courtroom required by the criminal court.