139 N.J. Super. 433 (1976)
354 A.2d 351
VICTORIA BLUMBERG, PLAINTIFF-APPELLANT,
v.
BEATRICE H. DORNBUSCH, DEFENDANT-RESPONDENT, AND WALTER BLUMBERG, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued February 3, 1976.
Decided March 8, 1976.
*435 Before Judges KOLOVSKY, BISCHOFF and BOTTER.
Mr. Leonard Finkelstein argued the cause for appellant (Messrs. Heilbrunn, Tabman, Josephs, Finkelstein, Heilbrunn & Garruto, attorneys; Mr. Martin W. Yazgier, of counsel and on the brief).
Mr. Allen C. Mathias argued the cause for respondent (Messrs. Stevens & Mathias, attorneys).
The opinion of the court was delivered by BISCHOFF, J.A.D.
Plaintiff appeals, pursuant to leave granted, from an order denying her application for leave to take a videotape deposition of a treating physician in New York for use at trial.
Plaintiff instituted this action to recover damages for injuries sustained in an automobile accident occurring January 12, 1974. She received extensive treatment for the injuries in New Jersey and in New York. In January 1975 plaintiff was admitted to the Beth Israel Hospital in New York City under the care of Dr. Jacob J. Graham. He performed extensive tests upon her, including a spinal tap, a myelogram, and a lumbar spinal puncture. He also performed an operation upon her which involved a bone graft and a cervical fusion of C-3 to C-6. She continues under *436 his care and at the time of filing the papers in this appeal she was then confined in the same hospital in New York. The possibility of future surgery presently exists.
Causal relationship between the accident of January 12, 1974 and either the plaintiff's present physical condition or the treatment which she has received, is not conceded by defendant.
Dr. Graham resides and practices medicine in New York. He is unwilling to come to New Jersey to testify in court, though he is willing to be deposed in New York on videotape.
Plaintiff moved for an order to take the doctor's deposition by videotape in New York for use at the time of trial. The only objection interposed by defendant to plaintiff's application before the motion judge was that defendant did not have the facilities to view the videotape. The judge expressed the view that he did not have the authority to direct that a videotape deposition be taken. He stated, "I can suggest that it be used in addition to the deposition being taken in the formal fashion, but that's all I can do." He did order that the deposition of Dr. Graham be taken in New York City but denied the application for the use of videotape.
Videotape is neither new nor can it be considered an experimental electronic novelty. Its use in conjunction with television is part of our contemporary scene. The use of videotape as an instructional aid in classrooms, to monitor scientific experiments, to control industrial operations, and as a security device in banks and other public places is well-recognized and accepted by the public.
We are of the opinion that we should not reject its use as part of pretrial discovery or trial procedure, unless some rule expressly precludes its use.
R. 4:14-3(b) provides:
The officer before whom the deposition is to be taken shall put the witness on oath and shall personally, or by some one acting under his direction and in his presence, record the testimony of *437 the witness. The testimony shall be recorded and transcribed on a typewriter unless the parties agree otherwise.
Defendant argues that this rule limits the method by which depositions may be taken.
At oral argument before us plaintiff indicated a willingness to take the deposition in formal fashion and, in addition, to assume the cost of a contemporaneous videotape of the proceeding.
Defendant argues that it is beyond the power of this court to authorize such a procedure, for were we to do so we would be usurping the rule-making power which is vested exclusively in the Supreme Court. In re Pfizer, 6 N.J. 233 (1951); Liberty Title & Trust Co. v. Plews, 6 N.J. 28 (1950); Winberry v. Salisbury, 5 N.J. 240, cert. den. 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 638 (1950).
We disagree. R. 4:14-3(b) provides a basic procedural safeguard. It does not prohibit innovative procedures so long as the basic protection provided for all parties is preserved.[1]
Rules of discovery are to be liberally construed. Huie v. Newcomb Hospital, 112 N.J. Super. 429 (App. Div. 1970). The broadest possible latitude should be accorded *438 them. Myers v. St. Francis Hospital, 91 N.J. Super. 377, 385 (App. Div. 1966).
While neither the rules on discovery nor the Rules of Evidence make specific reference to motion pictures their use in court, if relevant and properly authenticated, is now well-recognized, Balian v. General Motors, 121 N.J. Super. 118 (App. Div. 1972), certif. den. 62 N.J. 195 (1973), and this is so whether they depict a scientific experiment, Balian v. General Motors, supra, or involve surveillance movies of an injured plaintiff in an attempt to discredit testimony taken as to the extent of disability. Jenkins v. Rainner, 69 N.J. 50 (1976).
We perceive no basic distinction between the use of movies and videotape as part of either pretrial or trial proceedings. The requirement that a videotape deposition be accompanied by a formal stenographic record, unless waived, will protect defendant from the expressed fears of mechanical failure, hazy visual reproduction or inaudible sound and will protect against fraudulent or inadvertent omissions. Since the use of videotape is not expressly prohibited by the Rules of Court, we see no reason why its use cannot be ordered in an appropriate case as an additional method of recording a deposition.
We are not suggesting that a motion for videotape deposition is to be granted routinely. Rather, such an application is addressed to the sound discretion of the trial judge. Many factors should be taken into consideration in ruling on the motion, such as the nature of the case, the importance and availability of the witness to be deposed, the subject matter of his testimony and the fee which the witness may demand for personal attendance, as opposed to submission to a videotape deposition in his office.
While a deposition will not be as effective as a personal appearance in court, it may be an improvement over the reading of a cold deposition. The importance of "demeanor evidence" is well recognized. State v. Conyers, 58 N.J. 123 *439 (1971); Dolson v. Anastasia, 55 N.J. 2 (1969); Rains v. Rains, 127 N.J. Eq. 328 (E. & A. 1940).
If, at trial, an application is made to exhibit the videotape to the jury, objections then raised can be considered by the trial judge in light of all the facts existing at that time, bearing in mind that the test as to admissibility is whether it is a fair, accurate and undistorted representation of the deposition of the witness.
Since the trial judge here was of the opinion that he did not have authority to order the videotape deposition, he did not consider plaintiff's application on the merits. We are of the opinion he should have the opportunity to do so. If he concludes that plaintiff's application should be granted, and the parties cannot agree on all the details of mechanics involved, the order should, if necessary, provide for the filing and preservation of the record, the availability of the videotape to all parties for viewing at reasonable times and places, and such other procedural matters as may arise.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] Examples of cases which have considered similar  but not identical  applications, with varying results in other jurisdictions are: State ex rel. Lucas v. Moss, 498 S.W.2d 289 (Mo. Sup. Ct. 1973); State ex rel. Johnson v. Cir. Court of Milwaukee Co., 61 Wis.2d 1, 212 N.W.2d 1 (Sup. Ct. 1972); Perry v. Mohawk Rubber Co., 63 F.R.D. 603 (D.S.C. 1974); Kallen v. Nexus Corp., 54 F.R.D. 610 (D. Ill. 1972); Carson v. Burlington Northern, Inc., 52 F.R.D. 492 (D. Neb. 1971). The Federal Rules of Civil Procedure have been amended to provide for recording a deposition by other than stenographic means. F.R.C.P. 30(b) (4) provides: "The court may upon motion order that the testimony at a deposition be recorded by other than stenographic means, in which event the order shall designate the manner of recording, preserving, and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy. If the order is made, a party may nevertheless arrange to have a stenographic transcription made at his own expense."