KEVIN R. BAKER, ET ALS., PLAINTIFFS, v. ADELAIDE DEANE, ET AL., DEFENDANTS.

MICHAEL J. MATTHEWS, PLAINTIFF, v. ADELAIDE DEANE, DEFENDANT.

JAMES W. MASLAND, III, ET AL., ETC., PLAINTIFFS-INTERVE-NORS, v. MICHAEL J. MATTHEWS, ETC., PLAINTIFFS, v. ADELAIDE DEANE, ETC., DEFENDANTS.

Superior Court of New Jersey
Law Division Atlantic County

Decided November 9, 1983.

*Seth Grossman* for plaintiff Kevin R. Baker, et als. (*Seth Grossman and Sonia G. Wagner,* attorneys).

*William Cappuccio* for defendant Adelaide Deane.

*Edwin J. Jacobs, Jr.,* for plaintiff Michael J. Matthews (*Tort, Jacobs, Gross & Todd,* attorneys).

*Bruce C. Rosetto* for plaintiff-intervenors James W. Masland, III, et als. (*Paschon, Feurey & Kotzas,* attorneys).

*Irwin I. Kimmelman,* Attorney General of New Jersey, for defendant Atlantic County Board of Elections (*Eugene J. Sullivan,* Assistant Attorney General; *Donna J. Kelly,* Deputy Attorney General, on the brief).

GRUCCIO, A.J.S.C.

The matter before the court arises in the course of a recall case in which plaintiff Matthews has challenged the validity of the recall process employed by plaintiff Baker and other circulators of recall petitions. The issue, one of first impression in our courts, involves the right of a party to take photographs of a deponent at a deposition. On September 29, 1983, counsel for Matthews deposed Baker. At the request of Matthews, a photographer entered during the course of the proceeding to photograph the deponent, Baker. Matthews intended for the photographer to photograph the full face, the full body, and the right and left profile of Baker. The photographs were to be shown to signers of recall petitions to determine whether they had signed recall petitions circulated by Baker.

Baker objects to the taking of what he considers to be "mug shot" photographs, claiming that this would constitute an intrusion against him and would serve to discourage people from participating in local government. Counsel further claims that rather than show Baker's picture to signers on the street, counsel for Matthews can produce at trial those individuals who it suspects did not sign Kevin Baker petitions and have them testify to that effect.

The issue thus before the court is two fold. First, the court must decide whether a deponent can have his picture taken at a deposition against his will. Assuming the taking of such photographs is permissible, the second issue is whether counsel can circulate the photographs among potential witnesses for purposes of identification.

■ Although there is no statute or court rule authorizing the taking of photographs at depositions, Court *Rule* 4:14–9, adopted July 21, 1980, provides for the videotaping of depositions. *R.* 4:19–9 formalized prior New Jersey case law on the subject of videotaping deposition testimony. See *Blumberg v. Dornbusch,* 139 *N.J.Super.* 433 (App.Div.1976); *Mills v. Dortch,* 142 *N.J.Super.* 410 (Law Div.1976). In *Blumberg v. Dornbusch, supra,* the Appellate Division held that absent a rule expressly precluding its use, a videotape should not be rejected as part of pretrial discovery or trial procedure. *Id.* at 436. The Comment to *R.* 4:14–9 recognizes as the main purpose of the rule avoiding "the necessity of producing these witnesses (experts) at trial since trial production of experts has become increasingly burdensome to litigants." A similar rationale can be applied to the use of photographs in the case at bar. Indeed, by use of a videotape deposition Matthews could merely clip one frame out of the fill and use the picture for the same purpose requested here.

Additionally, support for Matthews' position is found in *R.* 1:1–2, which provides:

The rules in Part I through Part VIII, inclusive, shall be construed to secure a just determination, *simplicity in procedure,* fairness in administration and the

elimination of unjustifiable expense and delay. Unless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice. *In the absence of rule, the court may proceed in any manner compatible with these purposes.* (emphasis supplied).

Denying Matthews the opportunity to photograph Baker would result in the need to call as a witness at trial every person whose name appears on a petition circulated by Baker in order for them to make an in-court identification. The process is significantly simplified by permitting Matthews to photograph Baker and circulate the photographs on the street. Matthews could then determine in advance of trial whether a dispute actually existed in regard to this issue. A determination by the court that the photographs could not be taken would extend the length of the trial, a result contrary to the spirit of the discovery process.

Moreover, the taking of the photographs at the deposition serves two useful purposes. First, it is more convenient for the party seeking to photograph the witness to do it in a controlled setting rather than having to catch the subject of the photograph in a potentially awkward situation out in public. Along this same line, it puts the subject on notice of the photographer's intention to photograph him so that he can present himself in a normal manner. Second, it provides opposing counsel with the opportunity to observe the proceeding and to protect the rights of the dependent.

Aside from these practical considerations, counsel for Matthews suggests that merely prohibiting the taking of photographs at depositions will provide no meaningful benefit to Baker since the photographer is free to photograph Baker out in public or when he is entering or leaving the office in which the depositions are being taken. This analysis of the situation is accurate notwithstanding Baker's claim that the taking of his photograph at a deposition operates as an intrusion upon him.

The law does not appear to protect Baker's image in this circumstance. Dean Prosser has summarized the law in this regard as follows:

It seems to be generally agreed that anything visible in a public place can be recorded and given circulation by means of a photograph, to the same extent as by a written description, since this amounts to nothing more than giving publicity to what is already public and what anyone present would be free to see. The contention that when an individual is thus singled out from the public scene and undue attention is focused upon him, there is an invasion of his private rights, has not been borne out by the decisions. On the other hand, it is clear that when a picture is taken without the plaintiff's consent in a private place ... the plaintiff's appearance which is thus made public is still a private thing, and there is an invasion of a private right, for which an action will lie. The final limitation is that the matter made public must be one which would be offensive and objectionable to a reasonable man of ordinary sensibilities. The law is not for the protection of the hypersensitive... [*Prosser, Law of Torts* (4 ed. 1971) § 117 at 811, footnotes omitted].

The use which counsel intends to make of the photographs is not in any way offensive. Counsel intends to exhibit Baker's photograph for the sole purpose of identification. By filing the petitions in the first instance, Baker represented that the individuals whose signatures appeared on each petition had each met with him personally. There is nothing intrusive about seeking to verify the validity of each signature by circulating Baker's photograph. In *Berg v. Minneapolis Star & Tribune Co.*, 79 *F.Supp.* 957 (D.Minn.1948), the United States District Court for District of Minnesota held that a litigant had no right to prevent publication of his photograph taken in court during a recess. In so holding, the court stated:

There are times, however, when one, whether willingly or not, becomes an actor in an occurrence of public or general interest. When this takes place, he emerges from his seclusion, and it is not an invasion of his right of privacy to publish his photograph with an account of such occurrence. [*Id.* at 961. (citation omitted) ].

Matthews has indicated that he does not intend to publish the photograph although, under proper circumstances, such a use may not even be prohibited. *Ibid.* Baker voluntarily thrust himself into the public eye when he began circulating petitions and again when he filed suit in furtherance of the recall drive. Participation in the political process is not without its price. Had Matthews sought to obtain these photographs for "a commercial purpose or otherwise sought some benefit" then Baker could prevent their use. *Bisbee v. John C. Conner Agen-*

*cy,* 186 *N.J.Super.* 335, 343 (App.Div.1982).   See also *Restatement, Torts,* 2d, § 652C, *Comment* d. at 383 (1977).

Baker's concern as to the nature of the photograph is legitimate.   The photographs in issue shall not be "mug shots".   Baker does have a right to prevent the display of his image in a derogatory manner.   The court thereby concludes that photographs can be taken at depositions provided that prior to circulation they must be submitted to the court for approval in the event that a dispute arises.