NEW JERSEY ELECTION LAW ENFORCEMENT COMMISSION,
RESPONDENT, v. CITIZENS TO MAKE MAYOR–COUNCIL
GOVERNMENT WORK, APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 25, 1986—Decided March 13, 1986.

Before Judges PRESSLER, BILDER and GRUCCIO.

*Oscar N. Gaskins*, attorney for appellant.

*Farrell, Curtis, Carlin & Davidson*, attorneys for respondent (*Edward J. Farrell* and *Cynthia H. Reinhard*, on the brief).

The opinion of the court was delivered by

BILDER, J.A.D.

On this appeal we are asked to determine whether a group organized to secure signatures to force the recall election of a mayor is a political committee within the meaning of *N.J.S.A.* 19:44A–3(i), a section of the New Jersey Campaign Contributions and Expenditures Reporting Act, *N.J.S.A.* 19:44A–1 *et seq.*, so as to subject it to the reporting requirements of *N.J.S.A.* 19:44A–8 and 16. We conclude it does.

Citizens To Make Mayor-Council Government Work (recall group) has been stipulated to be an organization of two or more persons acting jointly to secure signatures on a petition to recall the then Mayor of Atlantic City pursuant to *N.J.S.A.* 40:69A–168 to 178. It received and expended over $1,000 in furtherance of its efforts and was successful in obtaining a special election on the recall question. It concedes it did not comply with the reporting requirements of the act. This failure led to an enforcement action by the Election Law Enforcement Commission (Commission) wherein the recall group denied it was subject to the act and further argued that if the act did apply, it was an unconstitutional abridgement of the participants' First Amendment rights. Following an initial decision of an Administrative Law Judge and a final decision of the Commission holding the recall group subject to the act, requiring the filing of a final campaign report, imposing fines totaling $600 and escheating to the State anonymous contributions of $9390, the matter was appealed to us. On appeal the recall group repeats the same contentions it made below: it is not a political committee within the meaning of the act and, if it is,

the First Amendment rights of its participants are thereby violated.

■ *N.J.S.A.* 19:44A–3i as pertinent to this case provides:

The term "political committee" means any two or more persons acting jointly, or ... any other incorporated or unincorporated association which is organized to, or does, aid or promote ... the passage or defeat of a public question;....

The recall group argues it is not a political committee because it did not seek to influence the outcome of the recall election, only its occurrence. We find the argument's premise illogical; its result out of keeping with the purpose of the act. The placement of the recall question on the ballot is part and parcel of the passage of the question. It is a precedent *sine qua non.* To read the statute to mean that the collection of signatures and filing of a petition does not aid or promote the passage of a public question would be to ignore the plain meaning of the statute. It would defy logic to find a legislative concern with the recall election but not with the preliminary petition effort. The petition process is as much a part of the overall electoral process as the voting itself. It has received significant legislative attention. *See, e.g., N.J.S.A.* 19:13–3 to 13; *N.J.S.A.* 40:69A–169 and 170. That the recall election was but the final act in a long drawn out drama is evident from the litigation history. *See Baker v. Deane,* 192 *N.J.Super.* 153 (Law Div. 1983); *Matthews v. Atlantic City,* 196 *N.J.Super.* 145 (Law Div.1984), aff'd 196 *N.J.Super.* 338 (App.Div.1984), certif. den. 99 *N.J.* 213 (1984); *Baker v. Deane,* 196 *N.J.Super.* 416 (Law Div.1983); *Matthews v. Deane,* 196 *N.J.Super.* 428 (Ch.Div. 1984); *Matthews v. Deane,* 196 *N.J.Super.* 441 (Ch.Div.1984).

■ The statute was drawn to remove the veil of secrecy shrouding the political funding process. *See* New Jersey Election Law Revision Commission Report to the Governor and Legislature, at 2 (1970). It was intended to regulate the flow of money into election campaigns and open to public view the financial contributions of those seeking to affect the public response. *See N.J. Chamber of Comm. v. N.J. Elec. Law Enf.,* 135 *N.J.Super.* 537, 544 (Ch.Div.1975), rev'd on other grounds

155 *N.J.Super.* 218 (App.Div.1977), mod. on other grounds and aff'd 82 *N.J.* 57 (1980). It must be interpreted in a common-sense manner which advances the legislative purpose. *See Cressey v. Campus Chefs, Div. of CVI Service, Inc.,* 204 *N.J.Super.* 337, 342–343 (App.Div.1985). The recall group's argument that working to get a question on the ballot is not promoting the referendum's passage because one might want it on the ballot to demonstrate a negative public response is a *non sequitur.* The motivations of those who sought the recall election are irrelevant. They may be, and probably are, diverse, vague and ephemeral. We are concerned only with the legislative determination that there shall be a public spotlight on those who seek to affect the public's exercise of the right to vote—whether for candidates or on public questions. To campaign to get a public question on a ballot is to promote its passage.

■ The recall group's alternative contention that the application of the reporting requirements would violate its members' First Amendment rights is clearly without merit. The constitutional propriety of requiring the disclosure of election contributions and expenditures is now well established. *See Buckley v. Valeo,* 424 *U.S.* 1 (1976). The recall group's reliance on *N.J. Chamber of Comm. v. N.J. Elec. Law Enf., supra,* and *A.C. L.U. of N.J. v. N.J. Elec. Law Enf. Com'n.,* 509 *F.Supp.* 1123 (D.N.J.1981) is misplaced. In those cases the court was concerned with political information groups (lobbyists) which were not expressly advocating the passage or defeat of legislation or a ballot question. *See* 509 *F.Supp.* at 1135. As we already noted, solicitation of petition signatures is advocacy of a referendum.

■ Although we have concluded that the recall group's activity in soliciting signatures for the recall petition brought it within the ambit of the Campaign Contributions and Expenditures Reporting Act, we are mindful that our decision is one of first impression. The term "public question" finds no specific

definition in that act. It must therefore be found in the general definition contained in section one of our election laws, *N.J.S.A.* 19:1–1: " 'Public question' includes any question, proposition or referendum required by the legislative or governing body of this State or any of its political subdivisions to be submitted by referendum procedure to the voters of the State or political subdivision for decision at elections." While we have no difficulty in understanding this to include the recall question, we appreciate that defendants, acting without the guidance of this opinion, might reasonably not have so understood the statute. Considering this in the light of the penal nature of the act, we conclude that sound policy reasons exist for according our decision prospective application only. *See Pub. Serv. Elec. v. N.J. Dept. of Environ.,* 101 *N.J.* 95, 113 (1985); *Cogliati v. Ecco High Frequency Corp.,* 181 *N.J.Super.* 579, 582–583 (App.Div.1981), aff'd 92 *N.J.* 402 (1983). We are thus able to fulfill our responsibility to correctly advance the legislative intent while satisfying the obligation to do justice.

Reversed.