247 N.J. Super. 139 (1991)
588 A.2d 893
JOHN KOUTSOUFLAKIS, AN INFANT BY HIS GUARDIAN AD LITEM, STAMATOULA KOUTSOUFLAKIS, AND EMMANUEL KOUTSOUFLAKIS AND STAMATOULA KOUTSOUFLAKIS, INDIVIDUALLY, PLAINTIFFS,
v.
WILLIAM J. SCHIRMER, M.D., JOHN DOES I THROUGH X, ABC, INC., DEF, INC., GHI, INC., DEFENDANTS.
Superior Court of New Jersey, Law Division, Union County.
Decided January 25, 1991.
*140 Marc E. Lesser (Kronisch, Schkeeper & Lesser, Attorneys), for plaintiffs.
Jeffrey A. Peck, (Shanley & Fisher, Attorneys), for defendants.

OPINION
MENZA, J.S.C.
This is defendant's motion to compel discovery.
The question presented is whether a plaintiff is required to furnish to the defendant the identity and report of an examining physician who the plaintiff will not call as a witness at trial. This precise question has not before been decided.
Plaintiff revealed for the first time in her depositions that the infant plaintiff had been examined by a physician who had been consulted by the plaintiff for the purpose of rendering an opinion as to whether the defendant committed medical malpractice. She did not reveal the name of the physician.
Defendant now moves the court to compel the plaintiff to reveal the identity of the doctor and to furnish his report. Plaintiff has refused to do so, contending that the court rules do not permit a defendant to receive this information.
Rule 4:10-2. Discovery, provides, in part:
(d) Trial Preparation; Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of R. 4:10-2(a) and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
(1) A party may through interrogatories require any other party to disclose the names and addresses of each person whom the other party expects to call at trial as an expert witness, including a treating physician who is expected to testify and of an expert who has conducted an examination pursuant to R. 4:19 whether or not he is expected to testify, to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and to furnish, as provided by R. 4:17-4(a), a copy of the report of an expert witness, including a treating physician, and, whether or *141 not he is expected to testify, of an expert who has conducted an examination pursuant to R. 4:19.[1]
... (3) A party may discover the facts known or opinions held by an expert (other than an expert who has conducted an examination pursuant to R. 4:19), who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only upon a showing of exceptional circumstances under which it is impractical for the party seeking discovery to obtain facts or opinions on the same subject by other means....
The defendant does not argue that he is entitled to the information because of "exceptional circumstances." He argues that a broad interpretation of Rule 4:10-2 coupled with case law, requires the plaintiff to furnish the requested information regardless of whether "exceptional circumstances" exist.
In support of his position, the defendant relies primarily on the cases of Cogdell v. Brown, 220 N.J. Super. 330, 531 A.2d 1379 (Law Div. 1987), and the case of Graham v. Gielchinsky, 241 N.J. Super. 108, 574 A.2d 496 (App.Div. 1990).
In Cogdell, the court permitted the plaintiff to call the defendant's examining doctor whose report had been furnished to the plaintiff in discovery as defendant's expert. In doing so, the court rejected defendant's argument that R. 4:10-2(d)(3), prohibited the doctor from testifying for the plaintiff. The court said:
Our discovery rules state that "only upon a showing of exceptional circumstances under which it is impractical for the party seeking discovery to obtain facts or opinions on the same subject by other means" may a party discover facts or opinions held by an expert (other than an expert who has conducted an examination pursuant to R 4:19). R. 4:10-2(d)(3). Since this rule refers to discovery and not to testimony at trial, it is not controlling.
It went on to say:

*142 Once Dr. Taft (defendant's doctor) examined the infant on behalf of Dr. Brown, his report was available to plaintiffs whether or not he was expected to testify.
And then the broad statement:
No party to litigation has anything resembling a proprietary right to any witness's evidence. (Id. 220 N.J. Super. at 334, 531 A.2d 1379).
In Graham v. Gielchinsky, 241 N.J. Super. at 113-114, 574 A.2d 496, the Appellate Division held that the trial judge was correct in permitting a physician who was originally retained by the plaintiff to testify as an expert for the defendant. Regarding the plaintiff's reliance on Rule 4:10-2(d)(3), the Court said:
Plaintiff argues that since he did not intend to call Dr. Primich as a witness, the doctor's report was not discoverable under R. 4:10-2(d)(3), and that the doctor's conduct in testifying was a breach of trust.
We find no error in the receipt of Dr. Primich's expert testimony on defendant's behalf. Like our dissenting colleague, we are at first discomfited by the fact that it was plaintiff who originally solicited Dr. Primich's opinion. Notwithstanding our initial response, the record convinces us that this witness's testimony was not used to give defendant any unfair advantage and that our anxieties are misplaced. Were the fact otherwise we would conclude differently.
As to plaintiff's reliance on R. 4:10-2(d)(3), it suffices to say that the Rule is in no way implicated since Dr. Primich's report was not the subject of a discovery order. Finally, we know of no authority to support the dissent's assertion that the witness's expert opinion favorable to the defendant was unavailable for use at trial under the principle that it was the work product of plaintiff's lawyer.
There is no doubt that the rules of discovery are to be liberally construed and that the broadest possible latitude is to be accorded them. Blumberg v. Dornbusch, 139 N.J. Super. 433, 354 A.2d 351 (App.Div. 1976). With this in mind, it would appear that the rationale of Cogdell and Graham would dictate that the plaintiff should be required to furnish the requested information to the defendant. However Cogdell and Graham involve different sets of facts and therefore do not address the precise question presented in this case. This is not a case in which one party is seeking to have the other party's expert witness(es) testify on its behalf. In this case, defendant wishes to know the identity and to be furnished with the report of the physician whom the plaintiff has consulted in preparation for trial and whom he does not expect to call as a witness. The *143 rule does not permit this. The plain language of the rule makes it clear that a party has no obligation to disclose the name of any person who is not expected to be called to testify at trial unless the other person can show "exceptional circumstances," under which it is impractical for the party seeking discovery to obtain facts or opinions on the same subject by other means.
Judge Pressler's comments in the annotations to Rule 4:10-2(d) explain why the reports of experts resulting from court ordered examinations are discoverable as distinguished from those which do not result from a court order:
It is the clear intention of this provision of the rule that it generally apply only to experts who will be testifying at trial, leaving parties free to consult with other experts whose opinion is not discoverable. This subparagraph does make one important clarification in the practice relating to the susceptibility to discovery of the opinions of an expert who has conducted a mental or physical examination pursuant to R. 4:19, but who is not expected to testify. Expert opinion discovery, as originally provided for in the 1969 revision and in the 1970 federal rule amendments as well, was limited to those experts, including treating physicians, who were expected to testify, thus permitting a party to withhold the identity and opinions of experts he does not care to use at trial, except in the extraordinary situation covered by subparagraph (d) (3), discussed infra. An expert who conducts an examination under R. 4:19 but who is not expected to testify is, however, vis-a-vis the party he had examined, in a special position which distinguishes him from other non-testifying experts. First, the party has been required to submit to the examination under compulsion of the rules. Second, the submission constitutes an invasion of his privacy. And third, he has a legitimate and compelling interest transcending the litigation in knowing what the results of the examination were. These are clearly the considerations resulting in the examined party's right to demand the report of the examination ...
Wright & Miller's commentary to the Federal Rule 26(b)(4)(B), which is similar to rule 4:10-2, also makes it clear that non-testifying experts are non-discoverable.
Rule 26 (b)(4)(B) deals with "an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial" but who is not expected to be used as a witness at the trial.
Apparently one party can find out the names of experts specially retained by another party who are not to be called. But except to the extent that Rule 35(b) provides otherwise with regard to examining physician, facts known or opinions held by a specially retained expert who will not be used at the trial are subject to discovery only "upon a showing of exceptional circumstances under which it *144 is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."
A commentator has undertaken to rationalize the difference in treatment between trial experts and other specially retained experts:
The distinguishing of experts "retained or specially employed" from those who may be called to testify at trial may reflect the notion that discovery of the latter's work is only accelerated. But analysis can be carried further. In setting a higher standard for discovery of materials prepared by experts who are not prospective witnesses, the Proposed Rule, implicitly recognized that fear of discovery may deter thorough preparation in cases where an expert's work is not indispensable. Litigants may refrain from hiring experts when the threat of discovery is great. However, when an expert's work is indispensable  when the expert will be called as a witness  the danger of surprise and the possible introduction of new issues justify the abandonment of high standards for discovery, especially since the threat of disclosure of information favorable enough to be used at trial will not deter preparation of a case.
This distinction has been criticized but it is now embodied in the rule and must be applied by the courts.
In order to discover the facts known or opinions held by specially retained experts who are not to be used at trial, a party must show that it is impracticable for him "to obtain facts or opinions on the same subject by other means." It has been said that "since a litigant will not know what facts the opposing party's experts have discovered and what opinions they have formed, it will rarely be possible to make the required showing." It is quite clear that this is true  and equally clear that it was deliberately intended by the draftsman of the 1970 amendment. 8 Wright and Miller, Federal Practice and Procedure, § 2032 at 255-256 (1970).
Undoubtedly there is a degree of tension between the concept of full discovery and a party's work product, but the discovery rules, specifically Rule 4:10-2, were never intended to lay bare every aspect of a plaintiff's claim. To allow such an encroachment would not only violate the plain language of the rule but would have a devastating effect on a plaintiff right to prepare and pursue a claim.
Judge Stein's statement in his dissent in Graham v. Gielchinsky, 241 N.J. Super., at 116-117, 574 A.2d 496, although arguably not applicable to that case is nevertheless appropriate to the facts of this one:
The thought that such trial strategy is acceptable under the guise of "a search of the truth" is as inaccurate as it is pretentious. The retention of an expert is not a search for facts in the possession of a particular person. It is a search for an expert who will render a favorable opinion. If the opinion is unfavorable, *145 the expert's work is usually concluded. Litigants should not face testimony from an expert whose preliminary opinion was sought in the investigative stage of a lawsuit. This kind of tampering with the lawyer's investigation of his client's cause is repugnant to the well-established principle that the work product of a lawyer, compiled in anticipation of litigation, is protected against disclosure ... (citation omitted). The principle is embodied in our court rules. R. 4:10-2(c)(d). Reports of experts not expected to testify at trial are specifically protected from discovery except under exceptional circumstances, where it "is impractical for the party seeking discovery to obtain facts or opinions on the same subject by other means." R. 4:10-2(d)(3).
This Court concludes that the defendant is not entitled to receive the name and medical report of the plaintiff's examining physician who is not expected, and in fact who will not, testify at trial.
Defendant's motion is denied.
NOTES
[1] Rule 4:19 provides, in pertinent part:

In an action to which a claim is asserted by a party for personal injuries, or in which the mental or physical condition of a party is in controversy, the court in which the action is pending may from time to time order him to submit a physical or mental examination by a medical or other expert....