653 A.2d 1205

MIGUEL RINCON, PLAINTIFF, v. ILMA DELAPAZ AND ELAINE BENKOVICH, DEFENDANTS.

ELAINE M. BENKOVICH, PLAINTIFF–APPELLANT, v. ILMA DELAPAZ, DEFENDANT–RESPONDENT, AND JOHN DOE AND ABC COMPANY, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted January 25, 1995—Decided March 3, 1995.

Before Judges KING, D'ANNUNZIO and EICHEN.

*McHugh & Imbornone,* attorneys for appellant *(Salvatore Imbornone, Jr.,* on the brief).

*Connell, Foley & Geiser,* attorneys for respondent *(Richard D. Catenacci,* of counsel; *Mr. Catenacci, Paul T. Fader* and *Brendan Judge,* on the brief).

The opinion of the court was delivered by

D'ANNUNZIO, J.A.D.

In this personal injury negligence action, defendant's counsel did not plan to call the defense's examining physician, Dr. Bercik, as a witness at trial. When requested, defense counsel refused to provide plaintiff, Elaine M. Benkovich, with a copy of Dr. Bercik's report. We granted plaintiff leave to appeal from an order denying her a copy of the report. We reverse.

Resolution of the issue requires consideration of several discovery rules. *R.* 4:19 provides:

> In an action to which a claim is asserted by a party for personal injuries or in which the mental or physical condition of a party is in controversy, the court in which the action is pending may from time to time order the party to submit to a physical or mental examination by a medical or other expert. Such examination may include the taking of X-rays and other tests of physical or mental condition. The order may be made only on motion for good cause shown, supported by affidavit stating the party's refusal to submit to an examination upon the movant's request, and upon notice to the party to be examined and to all other parties. The order shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. The court, upon application showing good cause, may permit subsequent reexaminations, provided the same will not delay the trial.

*R.* 4:10–2(d)(1) provides that "[a] party may through interrogatories require any other party ... to furnish ... a copy of the report of an expert witness, including a treating physician, and, *whether or not he is expected to testify, of an expert who has conducted an examination pursuant to R. 4:19.*" [Emphasis added.]

*R.* 4:10–2(d)(3) permits the discovery of "facts known or opinions held by an expert (*other than an expert who has conducted an examination pursuant to R. 4:19* ) ... who is not expected to be called as a witness at trial only upon a showing of exceptional circumstances under which it is impractical for the party seeking discovery to obtain facts or opinions on the same subject by other means." [Emphasis added.]

Thus, the discovery scheme in our rules requires a showing of "exceptional circumstances" before a party is entitled to the report of an expert whom the adversary does not intend to call as a witness. *See generally Graham v. Gielchinsky,* 126 *N.J.* 361, 365–67, 599 *A.*2d 149 (1991) (discussing the policies governing discovery regarding an adversary's experts). The only exception to the requirement of exceptional circumstances is with regard to an expert who has conducted an examination under *R.* 4:19.

In the present case, as in the overwhelming majority of personal injury cases, plaintiff did not contest defendant's right to an examination by a physician retained by defendant. Consequently, a motion for an order compelling the examination under *R.* 4:19 was unnecessary. In denying plaintiff's application for a copy of Dr. Bercik's report, the judge ruled that in the absence of an order under *R.* 4:19 compelling the examination, a plaintiff is not entitled to a copy of the examining physician's report in those cases in which the examining physician will not be called as a witness.

We conclude that the motion judge erred in his interpretation of the discovery rules. The rules do not require a motion and order under *R.* 4:19 as a prerequisite to receipt of a copy of the

examining physician's report. The reference to *R.* 4:19 in *R.* 4:10–2(d)(1) and (3) includes examinations to which a plaintiff submits under the compulsive threat of a *R.* 4:19 motion. Under the motion judge's interpretation of our rules, a plaintiff who cooperates and voluntarily submits to an examination is denied a copy of the report, but a recalcitrant plaintiff who requires a defendant to move under *R.* 4:19 is entitled to the report. That is not the intent of *R.* 4:10–2(d)(1) and (3).

Access to the report of a non-testifying examining physician in the absence of exceptional circumstances is supported by several policy considerations. The examination is required under compulsion of *R.* 4:19, it is an invasion of privacy, and the examined party "has a legitimate and compelling interest transcending the litigation in knowing what the results of the examination were." Pressler, *Current N.J. Court Rules,* comment 10 on *R.* 4:10–2(d)(1995). *See Koutsouflakis v. Schirmer,* 247 *N.J.Super.* 139, 143, 588 *A.*2d 893 (Law Div.1991). Those considerations apply even in the absence of a motion and order under *R.* 4:19.

Reversed.