Ora Dale CARSON, Plaintiff,

v.

BURLINGTON NORTHERN INC., a
corporation, Defendant.

Civ. No. 1772–L.

United States District Court,
D. Nebraska.

July 20, 1971.

Joseph Inserra, Omaha, Neb., Roger Boursier, Minneapolis, Minn., for plaintiff.

Richard Knudsen, Robert T. Grimit, Lincoln, Neb., for defendant.

## MEMORANDUM AND ORDER

VAN PELT, Senior District Judge.

This matter is before the Court upon defendant's motion (filing #7) under Rule 30 of the Federal Rules of Civil Procedure to take a deposition of the plaintiff by stenographic and photographic (video tape) means. Defendant has previously taken plaintiff's deposition by stenographic means.

The accident from which this action arose occurred in the blacksmith shop of the defendant at its diesel yards in Lincoln, Nebraska. Plaintiff suffered a partial amputation of his right hand when a steel press came down upon it, allegedly due to defendant's negligence. The purpose of the deposition of the plaintiff by stenographic and photographic means is to demonstrate the manner in which the plaintiff operated the said machine at the time of and immediately prior to the accident.

Plaintiff resists the use of any photographic means on the grounds that such a procedure could never produce a "natural" re-creation of the events surrounding the injury, but rather would clearly appear "staged" and thus give the defendant an undue advantage in claiming contributory negligence by plaintiff.

While recognizing that plaintiff's objection has merit in certain situations, this Court believes that, with the proper safeguards, the requested video tape is a proper procedure to be used in this instance. Rule 30(b) (4) of the Federal Rules of Civil Procedure was amended in 1970 so as to allow just such a procedure:

"The court may upon motion order that the testimony at a deposition be recorded by other than stenographic

means, in which event the order shall designate the manner of recording, preserving, and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy. If the order is made, a party may nevertheless arrange to have a stenographic transcription made at his own expense."

The Committee Note to this amended subdivision specifically mentions the use of photographic means, saying:

"In order to facilitate less expensive procedures, provision is made for the recording of testimony by other than stenographic means—*e. g.*, by mechanical, electronic, or photographic means. Because these methods give rise to problems of accuracy and trustworthiness, the party taking the deposition is required to apply for a court order. The order is to specify how the testimony is to be recorded, preserved, and filed, and it may contain whatever additional safeguards the court deems necessary." 48 F.R.D. 514.

The text writer's comment should also be noted that photographic means are advantageous "in that the finder of fact at trial often will gain greater insight from the manner in which an answer is delivered and recorded by audio-visual devices. Moreover, a recording, a video tape, or a motion picture of a deposition will avoid the tedium that is produced when counsel read lengthy depositions into evidence at the trial." 8 Wright & Miller, Fed. Practice and Procedure 426 (1970).

This Court concludes that the motion should be sustained and defendant granted leave to take the deposition of the plaintiff by stenographic and photographic means in the blacksmith shop of the defendant at its diesel yards in Lincoln, Nebraska, where the accident, described by plaintiff in his complaint, occurred, said deposition to be for the purpose of showing the manner in which plaintiff approached and operated the machine immediately prior to and at the time of the alleged accident. The taking of the deposition is made subject to the qualification that plaintiff shall not be requested to actually touch or operate the machine in question. Instead, he shall be furnished with a suitable pointer to show the manner in which he operated the machine on the day of the accident or can use any other means agreed to by counsel. In addition, the cameraman and the person making the sound recording, if other than the cameraman, shall take an oath to accurately and in a trustworthy manner photograph and record the proceeding. He shall photograph and record in sound all of the proceedings requested by either counsel and shall certify the correctness and completeness of the developed film and the sound recording in the manner a stenographic reporter certifies the typed record of a deposition and thereupon immediately file an original suitable to be shown and heard in court with the Clerk of this Court to be preserved as exhibits are preserved by the Clerk.

The deposition shall be taken at a time agreed upon by counsel, but in any event not later than 30 days from the filing of this memorandum.