STATE EX REL. JOHNSON, Petitioner, v. CIRCUIT COURT
FOR MILWAUKEE COUNTY, HONORABLE HARVEY L.
NEELEN, PRESIDING, Respondent.

*(August Term, 1971) Argued May 15, 1972.—Decided May 31,
1972.*

(Also reported in 212 N. W. 2d 1.)

1

For the petitioner there was a brief by *Kersten & McKinnon* attorneys, and *George P. Kersten* of counsel, all of Milwaukee, and oral argument by *George P. Kersten*.

For the respondent the cause was argued by *Bernard J. Hankin* of Milwaukee, attorney for Wisconsin Electric Power Company, one of the defendants in the circuit court action.

PER CURIAM. The petitioner Sandra M. Johnson is the plaintiff in a suit now pending in the circuit court for Milwaukee county entitled Sandra M. Johnson, plaintiff, v. Tomaro Contractors, Inc., et al., (Case No. 387-540). On July 19, 1970, the petitioner, a resident of Minneapolis, Minnesota, was involved in a bicycle-automobile accident in Milwaukee county and subsequent to her initial hospitalization in Milwaukee County Hospital was removed to Minneapolis, Minnesota, where she received additional medical treatment for her injuries. The petitioner alleges on information and belief the doctors in Minneapolis cannot and will not be able to personally attend the trial in the circuit court for Milwaukee county, and petitioner alleges she has obtained the testimony of her medical and dental witnesses by oral depositions, which has been transcribed pursuant to secs. 887.10, and 887.09, Stats. The petitioner also had these witnesses' testimony taken by video television recording at the time of the adverse examinations and these tapes are available for use in the trial court by closed-circuit television.

On prior application to the trial court, the trial court indicated it would not admit the video television recordings at the time of trial because there was no statute which permitted such evidence. An application has been made to this court for a writ of prohibition prohibiting the circuit court for Milwaukee county from excluding such video television presentation of the depositions of the medical witnesses.

This court has been considering proposed changes and modifications of the rules of evidence in respect to the general problem of court reporting of testimony in trials and has under consideration a comprehensive report involving such matter. The federal rules of civil procedure, Rule 30(b) 4, now provide that "The court may upon motion order the testimony at a deposition be recorded by other than stenographic means, in which event the order shall designate the manner of recording, preserving, and filing the deposition, and may include such other provisions to assure that the recorded testimony will be accurate and trustworthy." The state of Minnesota has recently adopted Rule 15 relating to audio-video recording of depositions and their use at trials, which in substance grants discretion to a trial court to enter an order that an audio-video recording of the deposition of a witness may be made in addition to the stenographic and transcribed recording received in evidence at the trial. The use of audio-video recordings of depositions seems to rest in these rules upon the exceptional circumstances to make it desirable "In the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court . . ." We find no such limitation in the federal rules.

It is only a question of time when the court procedure of this state will be modernized to include rules governing the use of audio-video recordings of depositions. While the court is not prepared at this time to lay down or adopt permanent rules, we think the trial court should have the discretion to allow audio-video recordings of depositions of witnesses to be made and admitted in evidence in addition to the stenographic and transcribed recordings now provided for in our statutes. The court in its supervisory power is willing to grant the trial court the discretion to admit such recordings in the interest of justice until such time as this court can make more extensive rules.

Therefore, a writ of prohibition is ordered issued in this matter prohibiting the circuit court for Milwaukee county, the Honorable HARVEY L. NEELEN, presiding, from excluding the plaintiff's said audio-video presentation of the depositions of medical witnesses, providing such evidence is otherwise competent, material, and relevant to the issues of the circuit court action, properly verified, and their use will be in the interest of justice as determined by the said judge in the exercise of his judicial discretion.