Ed PERRY, d/b/a Ed Perry Auto
Parts, Plaintiff,

v.

MOHAWK RUBBER COMPANY et al.,
Defendants.

Civ. A. No. 74–144.

United States District Court,

D. South Carolina,
Greenville Division.

Aug. 15, 1974.

---

Ed Perry, pro se, and William H. Moore, Jr., Asheville, N. C., for plaintiff.

Clarke W. McCants, Jr., Columbia, S. C., for Mohawk Rubber Co.

Wesley M. Walker, Greenville, S. C., for Cooper Tire and Rubber Co.

Ray R. Williams, Greenville, S. C., for Fulton Sylphon Div., Robertshaw Controls Co.

## ORDER

ON PLAINTIFF'S MOTION FOR LEAVE TO HAVE PRETRIAL DEPOSITIONS RECORDED BY VIDEOTAPE IN ADDITION TO STENOGRAPHIC TRANSCRIPTION, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(4).

HEMPHILL, District Judge.

Plaintiff desires to take the oral depositions of witnesses, including agents, servants, and employees of the three defendant corporations, and to have the said depositions recorded by videotape as well as by stenographic transcription, under the terms and conditions set forth in its motion, as permitted by Federal Rule of Civil Procedure 30(b)(4)[1] upon an order of the court. Defendants vigorously oppose the motion. The question presented appears to be one of first impression in South Carolina.

### STATEMENT OF FACTS

On October 26, 1971, defendant Cooper, a creditor of plaintiff, obtained (ex parte) the appointment of a South Carolina state court receivership of plaintiff's business. Shortly thereafter, defendants Mohawk and Robertshaw, additional creditors of plaintiff, petitioned this court to place plaintiff in involuntary bankruptcy for failure to pay his allegedly just debts. Subsequently, the bankruptcy was dismissed by order of this court and, thereafter, the state court terminated the receivership.

On May 1, 1974, plaintiff filed its amended complaint against all three defendants, foreign corporations, basing jurisdiction on diversity of citizenship and alleging a tortious conspiracy to interfere intentionally with plaintiff's business.

### STATEMENT OF APPLICABLE LAW

Due to the relatively recent date of the rule amendment, there is a paucity of case authority on the specific subject of the use of videotape in the taking of pretrial deposition testimony for presumable subsequent use upon trial.[2]

■ Rule 30(b)(4) does not authorize the use of videotape or any other nonstenographic recording technique by any party as a matter of right. A court may by order give such authorization, but the decision to do so rests entirely in the discretion of the presiding judge. See Carter v. Joseph Bancroft & Sons Co., 360 F.Supp. 1103, 1111 (E.D.Pa.1973), prohibiting use at trial of a deposition

---

1. Fed.R.Civ.P. 30(b)(4)(1970) provides:

The court may upon motion order that the testimony at a deposition be recorded by other than stenographic means, in which event the order shall designate the manner of recording, preserving, and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy. If the order is made, a party may nevertheless arrange to have a stenographic transcription made at his own expense.

2. The court commends counsel for all four parties for their highly professional and competent presentation of the issues on this novel question of procedure. It is quite refreshing for this federal trial court to be aided by the arguments and briefs presented on this matter.

tape recording not made pursuant to a court order.

After ordaining discretion in the disposition of motions for non-stenographic recording, Rule 30(b)(4) itself unfortunately fails to specify the criteria relevant to the exercise of such discretion. While the rule is ambiguous, the accompanying Notes of the Advisory Committee on Rules are quite clear in stating the purpose to be furthered by the application of the rule:

> In order to facilitate less expensive procedures, provision is made for the recording of testimony by other than stenographic means—e. g., by mechanical, electronic, or photographic means. Because these methods give rise to problems of accuracy and trustworthiness, the party taking the deposition is required to apply for a court order. The order is to specify how the testimony is to be recorded, preserved, and filed, and it may contain whatever additional safeguards the court deems necessary.

As the Advisory Committee Notes recognize, problems of accuracy and trustworthiness are inherent in the use of nonstenographic recording techniques. Thus, the authorization of such techniques is a concession to the demand for less costly alternatives to stenographic transcription. Rule 30(b)(4) tacitly acknowledges that all parties do not stand in financial equality, and it proceeds accordingly to allow flexibility when the cost of stenographic recording would unjustly curtail discovery. But Rule 30(b)(4) does not compel any court to cater to the whims of the parties before it.

Since Rule 30(b)(4) became effective July 1, 1970, only one reported federal trial court decision has allowed the use of videotape to record a deposition. In Carson v. Burlington Northern, Inc., 52 F.R.D. 492 (D.Neb.1971), the court permitted a single deposition to be videotaped. The case involved a plaintiff whose hand had been injured in a steel press and the court allowed videotape only "for the purpose of showing the manner in which plaintiff approached and operated the machine immediately prior to and at the time of the alleged accident." 52 F.R.D. at 493. Since the steel press obviously could not have been brought into the courtroom, the court, by allowing the videotaping, made available demonstrative evidence which could never have been presented in a stenographic transcript. Even so, the court directed a specific procedure to insure that the plaintiff's fear that the deposition would be "staged" for undue advantage to the defendant were not realized. The court in *Carson*, supra, did note in passing the unsupported view found in Wright & Miller, 8 Federal Practice & Procedure § 2115, at 426 (1970) favoring use of audio-visual devices. It is apparent that the necessity for otherwise unobtainable demonstrative evidence was the rationale for allowance of videotape in *Carson*, supra.

With the exception of *Carson*, supra, every other reported decision involving Rule 30(b)(4) has involved only *audiotape* recordings. The use of a tape recorder presents few of the problems which would arise with the use of videotape. In the case of Kallen v. Nexus Corp., 54 F.R.D. 610 (N.D.Ill.1972), the court allowed the use of an audiotape recorder in addition to stenographic recordation in an antitrust class action on the grounds of economy, but only after providing elaborate procedural precautions. Marlboro Products Corp. v. North American Philips Corp., 55 F.R.D. 487 (S.D. N.Y.1972) involved a motion for an order allowing plaintiff to record by audiotape, in addition to the usual stenographic method. The court allowed the use of the device but provided that counsel should submit an order employing appropriate safeguards acceptable to the court and counsel. With the use of any means other than normal stenographic

methods, the courts in all instances have treated the request with care and circumspection and have allowed the use of other recording devices only where the exigencies of the case required it or where a substantial cost saving to a litigant could be had. The court in Jarosiewicz v. Conlisk, Superintendent of Police of City of Chicago, 60 F.R.D. 121 (N.D.Ill.1973) had before it a motion to allow the use of a "tape recorder" or "other means". The court recognized the requested procedure to be experimental in nature, and refused to order the use of the alternative means of recording the deposition until "an appropriate method and procedure can be agreed upon by the parties with the assistance of this Court". It should be noted that in *Jarosiewicz,* supra, plaintiff stated he was without sufficient funds or means to bear the cost of stenographic transcripts "in pursuit of meaningful, effective and adequate preparation of his case". 60 F.R.D. at 125.

The cases of Rubino v. G. D. Searle & Co., 73 Misc.2d 447, 340 N.Y.S.2d 574 (1973) and State ex rel. Johnson v. Circuit Court of Milwaukee County, 61 Wis.2d 1, 212 N.W.2d 1 (1972) are both state court decisions involving use of video tape transcription of the testimony of medical witnesses. In *Rubino,* supra, the motion was allowed on the grounds that the medical witness could not testify at the trial because of a heart attack and admissibility of the videotape examination was deferred until trial. In *Johnson,* supra, the court allowed the presentation of video television recording of the deposition of medical and dental witnesses where it was made clearly to appear that the doctors would not be able to personally attend the trial. Moreover, the courts in those cases were obviously not bound by the language or policy of Rule 30(b)(4).

The use of videotape in these limited and special circumstances does not constitute authority for the indiscriminate taping of all witnesses' testimony by deposition in a case.

## ANALYSIS

At the outset, this court must state that it is not adverse as a matter of principle, to any new innovations in expediting the just termination of litigation. Videotaping of depositions and even entire trials continues to be a matter of active debate by the bar. Indeed, some state courts, for example, Ohio, have adopted such "trial by TV" methods.

■ As a matter of policy, this court will grant motions to allow parties to videotape, to audiotape, or to record in any other manner than stenographic means, any depositions, upon agreement of all parties, for their own personal use.

However, when any one of the parties object, as in this case, to such an additional recordation, the court will hear the motion on the merits of the necessity for such procedure.

There are numerous objections to allowance of plaintiff's proposal. Plaintiff has not demonstrated any need for his extraordinary request to have discovery depositions recorded by videotape in addition to the usual and customary method of recording by official court reporter. Plaintiff does not advise the court of the identity or the number of the witnesses he proposes to depose as required by Rule 30(b)(1) nor has he urged any particular reason for this most unusual procedure. A review of the pleadings demonstrates that this litigation will involve, for the most part, evidence involving accounting procedures, information from records and items of like nature as to which there is no need for visual observation of the witnesses. This is not a tort action requiring televising of an accident site or of other immovable demonstrable evidence. Furthermore, for all that appears, those witnesses to be deposed will be presented in person during the course

of the trial of this matter, in which event the discovery depositions probably will not be used at all, or if used, would only be used in very limited areas.

Plaintiff refers to the tedium produced when counsel "laboriously" read written depositions to the jury. Depositions have been utilized by courts throughout the country for years and this court is unaware of any criticism leveled at this practice. Further, plaintiff has failed to point out to the court any reason for the suggestion that any deposition will be published during the trial of this case so as to require recordation by other means.

██ Plaintiff neither questions the efficacy of traditional stenographic recording nor complains of its cost, yet he proposes to burden the court and defendants with not an alternative but another method of deposition recording with no additional benefit in the search for justice. Price is clearly no object to plaintiff here, but decreasing deposition costs is the only stated objective of Rule 30(b)(4). Thus, plaintiff's request is one which is patently inimical to the purpose to be served by the enactment of Rule 30(b)(4). When a request for non-stenographic recording is motivated by genuine economic considerations and is consistent with insuring adequate discovery and preventing possible suffocation of the truth, the rules provide federal trial courts with the flexibility to accede; but when such a request demands a concession for no better reason than the personal preference of a single party, Rule 30(b)(4) also invests the courts with the discretion to refuse it.

## CONCLUSIONS

1. Plaintiff has not shown that the use of videotape will reduce the costs of taking the depositions. On the contrary, it is obvious that the use of videotape will increase said costs, albeit to himself.

2. Plaintiff has not shown that a need exists for videotaping the testimony of all the witnesses he might wish to depose.

3. Consequently, it is unnecessary to decide whether the proposed safeguards are adequate to insure that the testimony recorded by videotape will be accurate and trustworthy.

Therefore, plaintiff's motion for leave to have pretrial depositions recorded by videotape in addition to stenographic transcription, pursuant to Rule 30(b)(4) is denied.

And it is so ordered.