**In the Matter of James M. DANIELS, Jr.**

**Civ. A. No. C75–2388A.**

United States District Court, N. D. Georgia, Atlanta Division.

Dec. 29, 1975.

---

Lloyd Sutter, Richard L. Stumm, O'Callaghan, Saunders, Sutter & Stumm, Atlanta, Ga., for movant.

Warren C. Stack, Charlotte, N. C., for plaintiffs' Trial Committee.

## ORDER

O'KELLEY, District Judge.

There is before the court a motion for a protective order filed by James M. Daniels, Jr., seeking to have his deposition taken only before a stenographic court reporter and to prevent the use of video tape and sound. Mr. Daniels was the First Officer on Eastern Air Lines Flight 212 which crashed while approaching Douglas Municipal Airport at Charlotte, North Carolina, on September 11, 1974. There have been numerous lawsuits filed all over the country as a result of that crash. All of the cases have been transferred to the United States District Court for the Western District of North Carolina for consolidated pretrial proceedings by order of the Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. § 1407. Mr. Daniels is not a party in any of these actions. The district court in North Carolina appointed a plaintiff's Discovery Committee, and this committee now seeks to take the deposition of Mr. Daniels by video tape. Since Mr. Daniels is a resident of this district, he moves for a protective order in this court pursuant to Fed.R.Civ.P. 26(c) to prevent the deposition from being taken by video tape. The plaintiffs had moved the court in North Carolina pursuant to Fed.R.Civ.P. 30(b)(4) for an order permitting them to make a video tape of Mr. Daniels' deposition. That court allowed the motion subject to Mr. Daniels' right to raise objections in the court of the district wherein the deposition was sought to be taken.

Mr. Daniels contends that the presence of a video tape camera at his deposition would affect his concentration and the accuracy of his testimony and would result in the presentation of a demeanor to the jury which is false and unnatural as a result of the presence of such camera. The plaintiffs contend that his testimony will be crucial to their case since he was allegedly the one who was actually controlling the aircraft at the time of the crash; that he is a resident of Georgia and is thus outside the subpoena powers of the courts where the trials will take place; and that a video tape is the

most efficient and least confusing way to present the evidence to the finder of fact.

Fed.R.Civ.P. 30(b)(4) provides in pertinent part:

> The court may upon motion order that the testimony at a deposition be recorded by other than stenographic means, in which event the order shall designate the manner of recording, preserving, and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy.

■ This court clearly has the authority under Fed.R.Civ.P. 30(b)(4) to allow the taking of a video tape deposition if it should deem it appropriate under the circumstances. *Perry v. Mohawk Rubber Co.*, 63 F.R.D. 603 (D.S.C.1974); *Carson v. Burlington Northern Inc.*, 52 F.R.D. 492 (D.Neb.1971); *cf. United States v. LaFatch*, 382 F.Supp. 630 (N.D. Ohio 1974), where the court allowed a video tape of a witness pursuant to Fed.R.Crim.P. 15(e) which allows depositions in certain circumstances in any manner allowed by Fed.R.Civ.P. 30(b) (4). *LaFatch* noted that rule 30(b)(4) allowed video taped depositions.

■■ Mr. Daniels relies on *Perry v. Mohawk Rubber Co.*, 63 F.R.D. 603 (D.S. C.1974), where the court recognized its authority to allow video taped depositions but refused to give such authority on the grounds that it would not save money and the need for such video taped depositions was not shown. In *Perry*, the plaintiff sought to take video taped depositions of certain agents and employees of the defendant corporations. The court characterized the plaintiff's request as an attempt to obtain the "indiscriminate taping of all witnesses' testimony." 63 F.R.D. at 606. There was no indication from the opinion that the witnesses whose depositions were sought would not be available for testimony at trial. In the present case we do not deal with an attempt to obtain the "indiscrim-

inate taping of all witnesses' testimony" but, rather, deal with an attempt to video tape a single essential witness' testimony, and it is a witness who resides outside the trial court's subpoena power to compel his attendance at trial. By affidavit, Mr. Daniels states that he presently intends to appear and testify at trial; however, he qualifies that statement by adding that he may have a change of mind between now and the time of trial. Under these circumstances, this court is of the opinion that the video taped deposition should be allowed. The court should not be like an ostrich, sticking its head in the sand and being oblivious to advances in technology which can aid in the judicial process. In a situation where the plaintiffs seek the testimony of an essential witness who may not otherwise be available for trial, the video taped deposition should be allowed to give the fact finders greater insight by allowing them to observe the witness' demeanor and manner of testifying. *See Carson v. Burlington,* 52 F.R.D. 492 (D. Neb.1971).

■ Mr. Daniels' argument that *Carson* is distinguishable because it was the party plaintiff whose deposition was video taped as opposed to just a witness is not persuasive. Fed.R.Civ.P. 30(a) provides for taking the testimony "of *any person,* including a party . . . ." Rule 30(b)(4) provides for an alternative method for taking the depositions allowed by rule 30(a), and thus it clearly anticipates that such alternative means will also be utilized for nonparties. Mr. Daniels also argues that rule 30(b)(4) is designed to allow depositions by other than normal stenographic methods only in situations where it will reduce the cost of the deposition, citing *Perry v. Mohawk Rubber Co.,* 63 F.R.D. 603 (D.S.C. 1974). This court is of the opinion that such a conclusion is an overly restrictive view of rule 30(b)(4). As noted above, the courts should be open to advances in technology which will aid in the just and

expeditious determination of litigation. The fact that the Advisory Committee did not foresee the use of video taped depositions in its notes to the Rules does not foreclose their use, and this is especially so where the express wording of the rule is sufficiently broad to allow such.

Having determined that the deposition of Mr. Daniels should be allowed to be video taped, the court must now consider what safeguards should be applied. After carefully considering the order entered in *In re Multi-District Litigation Against Eastern Air Lines Arising Out of Air Crash, Charlotte, North Carolina, September 11, 1974,* 68 F.R.D. 346 (W.D. N.C.1975), this court is of the opinion that all of the safeguards stated in that order, which is attached to this order as "Appendix A," should be applied in the instant case, and in addition thereto this court will require the following:

1. The plaintiffs are required to use only a certified court reporter from the Atlanta, Georgia, area with video tape capability.

2. A zoom lens will not be allowed, and the court reporter must simply line up the camera straight ahead on the deponent without any angle shots so as to give a full frontal view of Mr. Daniels sitting either in a witness box in a courtroom or behind a table.

3. All parties and persons having access to the original and any copies thereof are prohibited from exhibiting or showing the tape to anyone other than attorneys and others directly involved in the preparation and trial of this case, and after the trials are concluded, no other use shall be made of such tape.

With the foregoing restrictions, the motion of Mr. Daniels for a protective order is denied, and the plaintiffs are allowed to proceed with their video tape of Mr. Daniels' deposition.

APPENDIX "A"

IN RE:

MULTI–DISTRICT LITIGATION AGAINST EASTERN AIR LINES ARISING OUT OF AIR CRASH, CHARLOTTE, NORTH CAROLINA, SEPTEMBER 11, 1974.

United States District Court,
W. D. North Carolina,
Charlotte Division.

MDL Docket No. 202.
Dec. 4, 1975.

ORDER

McMILLAN, District Judge.

The plaintiffs, having moved this court, pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure, for an order permitting them to make a video tape recording of the deposition of First Officer James M. Daniels, co-pilot of the airplane involved in this suit, for discovery and use at the trial subject to the rulings of the trial court, and the court having considered affidavits, briefs and exhibits, including the affidavit of Mr. Daniels dated November 21, 1975, it is hereby

Ordered that the motion of plaintiffs is hereby granted and it is further

Ordered that the plaintiffs are permitted to prepare a video tape and sound recording of the deposition of James M. Daniels, and it is further

Ordered that said video tape recording shall be made temporarily at the expense of the litigants represented by the plaintiffs' trial committee, subject to later ruling of the court on whether it should be taxed as costs; and it is further

Ordered that a conventional stenographic transcript of the deposition be made as a regular part of the costs of the case, and it is further

Ordered that if any objections be made, that they shall be ruled upon by the court on the basis of the stenographic

transcript, and if any questions or answers are stricken by the court, then the video tape and sound recording shall be edited to reflect such deletions so that it will conform in all respects to the stenographic minutes of the proceedings, and it is further

Ordered that the cameraman and person making the video tape recording shall take an oath to record the proceedings accurately and in confidence, and shall certify the correctness and completeness of the recording orally and visually at the conclusion of the same in the manner of a stenographic reporter certifying a typed record of a deposition, and it is further

Ordered that a log index shall be made by the cameraman or person making the video tape recording, such index to include the subject matter being discussed, cross referenced to the digital reading on the digital counter, a list of exhibits, and the names of all persons and parties present at the deposition, and it is further

Ordered that copies of such video tape recording shall be made by said cameraman, at the expense of the plaintiffs, and provided for use by the plaintiffs as well as by defendant, and it is further

Ordered that the original of said video tape recording shall be filed with the clerk of the court and preserved by him pending resolution of all questions of admissibility by the court, and it is further

Ordered that the video tape recording not be publicized and that pending further orders of court it be used only in connection with the preparation and trial of this case, and it is further

Ordered that all questions are to be answered at the deposition with all objections reserved for the trial judge.

This order reflects the judgment of the undersigned, before whom the case will be tried, that the testimony of the only surviving eyewitness to the happenings in the cockpit of the airplane is so important that it ought to be made available in the most realistic form for the enlightenment of the court and jury, and that because of those considerations the preference expressed by the witness himself in his November 21; 1975 affidavit, while entitled to serious consideration, should not be allowed to prevail over the duty of the court and the jury to find the facts from the best available evidence. The court recognizes that the deposition may be taken in a different United States district; and that the question may be presented to a United States judge in such other district where the deposition may be taken.

/s/ James B. McMillan

James B. McMillan

United States District Judge