LYONS, Justice.
These three petitions for the writ of mandamus relate to two cases pending in the Choctaw Circuit Court. They involve a common issue. Steven Long and Dee Ann Long are the plaintiffs in one of the pending cases, while Ora Ruffin is the plaintiff in the other case. The two actions stem from various allegations of fraud against various defendants. All three petitions ask this Court to hold that the trial court abused its discretion in granting motions to disallow the videotaping of depositions of the Longs, Ruffin, and Ruffin’s son. We hold, based on the record before us, that it was not an abuse of discretion for the trial court to prohibit the videotaping of the depositions. We therefore deny the petitions.
I. Standard of Review and Procedural History
This Court has well-established criteria for issuing a writ of mandamus:
“The writ of mandamus is an extraordinary remedy, and one petitioning for that writ must show ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Alfab, Inc., 586 So.2d 889, 890 (Ala.1991); see also, Martin v. Loeb & Co., 349 So.2d 9 (Ala.1977); Ex parte Slade, 382 So.2d 1127 (Ala.1980); Ex parte Houston County, 435 So.2d 1268 (Ala.1983); Ex parte Johnson, 638 So.2d 772 (Ala.1994). ‘Mandamus is an extraordinary remedy and will lie to compel the exercise of discretion, but not to compel its exercise in a particular manner except where there is an abuse of discretion.’ State v. Cannon, 369 So.2d 32, 33 (Ala.1979).”
Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala.1999). “A petition for a writ of mandamus is the appropriate vehicle for challenging a trial court’s ruling on a discovery motion.” Ex parte Steiner, 730 So.2d 599, 600 (Ala.1998) (citing Ex parte Life Ins. Co. of Georgia, 663 So.2d 929 (Ala.1995)). See also Ex parte Mobile Fixture & Equip. Co., 630 So.2d 358 (Ala.1993).
Although the precise procedural history of the two pending actions differs slightly, they both are in a similar posture. The defendants initially obtained an order permitting them to record the depositions by *591 videotape, in addition to stenographic means. After having first denied a reconsideration of that order, the trial court subsequently granted the plaintiffs’ motions to disallow the videotaping of the depositions.
II. Analysis
We must begin our analysis with the pertinent rule. Ala. R. Civ. P. 30(b)(4) states that “[t]he parties may stipulate in writing or the court may upon motion order that the testimony at a deposition be recorded by other than stenographic means.” The petitioners argue that a literal reading of Rule 30(b)(4) requires a joint stipulation or court order only if stenographic means are to be replaced entirely by some other means of recording the deposition. In support of this proposition, two of the petitioners cite Rice’s Toyota World, Inc. v. Southeast Toyota Distributors, Inc., 114 F.R.D. 647 (M.D.N.C.1987), wherein a United States district court held that recording a deposition by videotape in addition to stenographic means did not come within the ambit of Fed.R.Civ.P. 30(b)(4).[1] We agree with that construction of the Federal counterpart to our rule. But, even though we accept that as the appropriate interpretation of the Federal rule, containing language similar to that in Ala. R. Civ. P. 30(b)(4), we are not required to apply that .interpretation to our own rule, i.e., we need not reach the result reached in Rice’s Toyota World where the trial court permitted videotaped depositions. This Court is not bound by the holding in Rice’s Toyota World,[2] but if it were, we would nonetheless note the critical distinction between the posture of the action dealt with in Rice’s Toyota World and the posture of the actions pending in the Choctaw Circuit Court. Here, in order to secure the writs they seek, the petitioners are required to demonstrate that they have a clear legal right and that the trial court has abused its discretion. The party seeking videotaped depositions in Rice’s Toyota World invoked the trial court’s discretion in the first instance. The trial court in Rice’s Toyota World correctly noted that “the issue of whether to permit plaintiff to video record the deposition is not governed by Rule 30(b)(4) as much as by the Court’s general authority to regulate the deposition process.” Id. at 650.
Ala. R. Civ. P. 30(b)(4) was drafted so as to permit economical alternatives to stenographic recording. Its provision for obtaining consent of all parties or approval of the court was designed to protect an objecting party from prejudice that could occur if some means of recording other than stenographic recording was used. A tape recording, whether audio or video, conducted without a contemporaneous stenographic record lacks the superintendence of an individual responsible for making a contemporaneous written record. In the absence of a stenographer, therefore, inaudible or incomprehensible statements are not as likely to be the subject of an immediate request for clarification and, likewise, without a stenographer episodes of two parties talking at the same time are not likely to be policed. A party serving a notice of deposition stating that a video recording will be made in addition to a recording by stenographic means is entitled to conduct the deposition pursuant to the terms stated in the notice unless the *592 opposing party successfully moves to quash the notice or to obtain a protective order.
Against this backdrop, we return to the matters presented to the trial court in support of, and in opposition to, the use of videotaped depositions in these proceedings. The plaintiffs’ initial argument in opposition to the videotaping of the depositions relied solely on the ground that the plaintiffs would testify in person at trial and that the videotaping would create an unnecessary expense. No transcript was made of the hearing that preceded the trial court’s conclusory order disallowing videotaped depositions. Defense counsel argue that the plaintiffs’ attorneys have stated that they intend to videotape the depositions of defense witnesses. The plaintiffs’ counsel states that no such action has been initiated.
The defendants, in their motion to vacate the order disallowing the videotaping of the plaintiffs’ depositions, argued that in a fraud case, where credibility of the witnesses is critical, a video recording of the plaintiffs reaction to questions being asked, possibly for the first time, would aid the fact-finder in determining credibility. The defendant Conseco Life Insurance Company contended that a videotaped deposition would enable its representatives who could not be present at the deposition to evaluate the witnesses’ credibility and the merit of the cases. The defendants responded to the plaintiffs’ financial-hardship argument by noting that the only expense created for the plaintiffs by the videotaping would be the cost to purchase a copy of the videotape from the videogra-pher. The defendants offered no evidence concerning the charge for a copy of the videotape or concerning the plaintiffs’ financial condition other than to say that they had a claim for substantial money damages. The defendants did not offer to furnish a copy of the videotape without cost to the plaintiffs.
The plaintiffs responded to these arguments by first noting that no Alabama case has specifically addressed the issue of videotaping a deposition when an opposing party objects. The plaintiffs then relied upon Perry v. Mohawk Rubber Co., 63 F.R.D. 603 (D.S.C.1974), wherein the court held that whether to allow video recording of depositions, in addition to stenographic recording, was within the discretion of the trial court, and that videotaping depositions was not available as a matter of right. The plaintiffs distinguished In re Daniels, 69 F.R.D. 579 (N.D.Ga.1975), on the ground that videotaping in that case was appropriate in view of the witness’s unavailability at trial. The plaintiffs then represented that they would be available for live testimony at the trial. The plaintiffs countered Conseco’s argument that its absent representatives needed to be able to evaluate the deposition, by observing that a representative of Conseco, as well as its attorney, would surely attend the deposition and those persons could report to other Conseco representatives. The plaintiffs then argued that long periods of interrogation during the videotaping would harass and intimidate the plaintiffs. The defendants never offered to limit the duration of the deposition, nor did they offer to observe limitations imposed by some local court rules that required, for videotaping, the duplication of a courtroom atmosphere and the avoidance of camera techniques that distort or exaggerate. The trial court concluded that the defendants had not demonstrated sufficient reasons why they should be allowed to videotape a party’s deposition, given that the party would be present in court to testify at trial.
This Court is inclined to provide the trial court a broad latitude in matters pertaining to discovery and will not inter *593 vene to micromanage the process. See Ex parte Wal-Mart Stores, Inc., 729 So.2d 294 (Ala.1999). In Ex parte National Security Insurance Co., 773 So.2d 461, 464 (Ala.2000), this Court stated, “[T]he writ of mandamus will not issue to direct the trial court to change its discovery order unless this Court determines, ‘based on all the facts that were before the trial court, that the trial court clearly abused its discretion.’ ” (Quoting Ex parte Horton, 711 So.2d 979, 983 (Ala.1998).) Local rules of Alabama circuit courts were abolished effective April 14, 1992. Ala. R. Civ. P. 83. The Alabama Rules of Civil Procedure have not been amended so as to deal with videotaped depositions and, thus, cannot inform the trial court’s exercise of its discretion. In the absence of any objective guidelines to assist a trial court in creating a standard by which to measure the ease of obtaining a videotaped deposition, it is difficult for this Court to say that the trial court, in disallowing the videotaping, “clearly abused its discretion.”
Despite our conclusion that the petitioners have not shown an abuse of discretion, we note several potential advantages of videotaped depositions in the case where a simultaneous stenographic record exists and therefore there is no concern for accuracy. For example, a videotaped deposition of a hostile and uncooperative witness can impeach that same witness when he or she projects a totally different personality at trial. By the same token, the video record of solicitous conduct of a favorable witness during the deposition can be used to impeach that witness if, by the time of trial, the witness has turned so as to favor the adversary. A constantly recording video camera can make a record of unprofessional behavior of attorneys during the deposition. Some trial courts have permitted the jury to observe obstreperous behavior by counsel during' the deposition, thereby offering an interesting contrast with counsel’s demeanor at trial. Counsel’s awareness that the videotape may show such behavior could have a salutary effect upon the conduct of counsel during discovery depositions. On occasions when a deposition is admissible at trial, a videotaped record is much more likely to command the attention of a jury than two lawyers reading questions and answers from a written transcript would be.
Fed.R.Civ.P. 30(b)(4) has undergone numerous amendments and alterations intended to encourage and facilitate the use of alternative means of recording depositions. Specifically dealing with videotaped depositions, Fed.R.Civ.P. 30(b)(4) requires that “[t]he appearance or demeanor of deponents or attorneys shall not be distorted through camera or sound-recording techniques.” Several United States district courts have promulgated local guidelines dealing with videotaped depositions. A committee of lawyers practicing in the District Court for the Southern District of Alabama (the “Civil Practice Federal Court Committee”) published in 1998 a booklet called “Introduction to Civil Discovery Practice in the Southern District of Alabama.” The “Introduction” to that booklet indicates that the booklet is an “informal guide about how the rules [including the local district court’s rules] applicable to civil discovery are ordinarily interpreted and applied in this District.” This “Introduction to Civil Discovery Practice in the Southern District of Alabama” states the following guidelines in Part II, “Depositions”:
“G. Videotape Depositions. Videotape depositions may be taken pursuant to Federal Rule 30(b)(2) without leave of Court. Videotape depositions are a common practice in the Southern District and procedures for such depositions are routinely agreed to by counsel.
*594 “While Federal Rule 30(b)(2) provides that parties are not required to record depositions stenographically when [the depositions are] recorded by videotape, a transcript is still required if the deposition is to be offered as evidence at trial or on a dispositive motion under Federal Rule 56. Accordingly, it is the common practice in this district that a stenographic recording also be made of any videotape deposition. If the party noticing the videotape deposition does not intend also to provide for a transcript to be made, then notice should be given to opposing counsel in advance of the deposition so that opposing counsel may arrange for transcription, if desired.”
The Supreme Court of Mississippi, by order of June 24, 1992, approved the following Local Rule 9 for Mississippi’s Fourth Circuit Court District:

“RULE 9: VIDEOTAPE DEPOSITIONS

“The videotaping of a deposition in addition to the preparation of the usual written transcript shall be permitted as a matter of course provided the order or stipulation [sic].
“A. The videotape deposition of a witness shall also be taken in the usual manner by a qualified shorthand or machine reporter and a written transcript prepared for use in subsequent court proceedings.
“B. The time and place of the taping of the deposition shall be set by notice served in the same manner as for a regular deposition, except it shall state that a videotape deposition is being taken.
“C. The videotape operation technician shall certify as to the correctness and completeness of the videotape.
“D. At the beginning of the deposition the parties and counsel shall be shown in the visual portion of the deposition.
“E. During the deposition the witness shall be recorded in as near to courtroom atmosphere and standards as possible. There will not be any ‘zoom in’ procedures to unduly emphasize any portion of the testimony, but ‘zoom in’ will be allowed for exhibits and charts to make them visible to the jury. The camera shall focus as much as possible on the witness. The attorneys may be shown on introduction, the beginning of examination and during objections.
“F. It shall not be necessary for a witness to view and/or approve the videotape of a deposition.
“G. Any party may purchase a duplicate original or edited tape from the video operator technician at any time. “H. Objections to the admissibility of any portion of a video deposition shall be made to the party offering such deposition not less than twenty (20) days prior to the status conference and, if the parties cannot agree on the objections, written objections shall be filed with the judge stating the grounds of the objection along with the transcript not less than ten (10) days prior to such conference and the judge shall make a final ruling and the party offering the deposition shall have the objectionable testimony deleted from the tape.”
As previously noted, Rule 83, Ala. R. Civ. P., abolishes local rules. During this era of change in federal practice, the Alabama Rules of Civil Procedure, the only place where such changes in state procedure could be implemented — given our abolition of local rules — have not been amended to encourage the use of videotaped depositions. Courts and commentators alike have identified a number of advantages of videotaped depositions and of depositions recorded by other alternative means, and courts should welcome technological advances that can reduce the cost *595 of the judicial process and increase its efficiency. See Sandidge v. Salen Offshore Drilling Co., 764 F.2d 252, 259 (5th Cir.1985); Rebecca White Berch, A Proposal to Amend Rule 30(b) of the Federal Rules of Civil Procedure: Cross-Disciplinary and Empirical Evidence Supporting Presumptive Use of Video to Record Depositions, 59 Fordham L.Rev. 347 (1990) (explaining the vast amount of nonverbal communication that is unavailable to a person hearing a reading of the transcript of a deposition, and extolling the virtues of videotaping such proceedings). Of course, courts must balance the desire to employ the latest technological advances with the imperative need for accurate and trustworthy transcripts. As more and more attorneys and courts become familiar and comfortable with the changes brought about by the ubiquitous video recorder, the rules by which our courts operate should evolve to respect and embrace these changes. We respectfully request the Standing Advisory Committee on Rules of Civil Procedure to consider proposing to this Court a rule setting standards to govern videotaped depositions; such a rule should address issues such as cost, methodology, and justification.
Given that our rules of procedure presently provide no standards for videotaping depositions, and given the materials before us, we will not disturb the trial court’s exercise of its discretion to disallow the videotaping of the depositions.
PETITIONS DENIED.
MOORE, C.J., and HOUSTON, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
WOODALL, J., concurs in the result.
SEE, J., recuses himself.

. At the time of the decision in Rice’s Toyota World, Alabama’s Rule 30(b)(4) and Federal Rule 30(b)(4) were identical in relevant respects.

. See Weems v. Jefferson-Pilot Life Ins. Co., 663 So.2d 905 (Ala.1995) (holding that decisions of federal courts may be persuasive authority, but are not binding upon this Court).