[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1118 
Fidelity Bank f/k/a Fidelity National Bank ("Fidelity") petitions this Court for a writ a mandamus directing the trial court to dismiss it as a defendant in an action brought by Allen Austin and other plaintiffs from Alabama and various other states (hereinafter collectively referred to as "Austin") on the basis of lack of personal jurisdiction.[1] We deny the petition.
On September 12, 2001, Austin sued several defendants in the Shelby Circuit Court seeking damages he claimed as the result of failed investment plans; Austin alleged that the defendants had engaged in an international Ponzi scheme.[2] On September 27, 2001, Austin amended his complaint to add Fidelity, a bank located in Georgia, as a defendant. The amended complaint named as plaintiffs two Alabama residents who claimed to be damaged as a result of investing in self-directed individual retirement accounts ("SDIRA") held by Fidelity. On October 9, 2001, several codefendants filed a notice of removal to the United States District Court for the Northern District of Alabama. Fidelity did not join in the notice. On October 29, 2001, Fidelity filed in the federal court its answer to Austin's complaint. As to the paragraphs of the complaint asserting jurisdiction, Fidelity responded that it was "without knowledge or information sufficient to form a belief as to the truth of the averments." On November 27, 2001, Fidelity filed a motion to join the notice of removal in the federal court. In January 2002, the federal court remanded the case to the Shelby Circuit Court, where the action had been filed originally. On March 1, 2002, Dill, Dill, Carr, Stonbraker Hutchings, P.C., a Colorado law firm and a codefendant in this case, filed a motion to dismiss the case against it for lack of *Page 1119 
personal jurisdiction. The trial court denied the motion, and Dill petitioned this Court for a writ of mandamus directing the trial court to grant its motion. This Court granted the petition and issued the writ. Ex parte Dill, Dill, Carr, Stonbraker Hutchings, P.C., 866 So.2d 519 (Ala. 2003).
Eleven days after this Court granted Dill's petition (one and one-half years after Fidelity filed its original answer in the federal court, one year after Dill filed its motion to dismiss, and nine months after Dill filed its petition for a writ of mandamus), Fidelity amended its answer to assert as an affirmative defense the lack of personal jurisdiction. Austin did not object to the amendment or move to strike the answer. Fidelity then filed a motion to dismiss for lack of personal jurisdiction. Fidelity argued that it did not have minimum contacts with Alabama to subject it to general jurisdiction nor did it have sufficient contacts with the Alabama plaintiffs to subject it to specific jurisdiction.
Austin argued that Fidelity had waived its opportunity to contest personal jurisdiction because, he says, Fidelity did not make the claim in its initial responsive pleading or in a Rule 12(b), Ala. R. Civ. P., motion before its initial responsive pleading. Austin also argued that Fidelity has maintained "systematic and continuous contacts" with the State since 1997. Austin included documents establishing that Fidelity maintained 1,248 accounts for Alabama residents in 1997; 1,576 accounts for Alabama residents in 1998; 1,916 accounts for Alabama residents in 1999; 2,150 accounts for Alabama residents in 2000; 1,986 accounts for Alabama residents in 2001; 1,962 accounts for Alabama residents in 2002; and 2,118 accounts for Alabama residents in 2003. Austin also included documents establishing that Fidelity made 515 loans to Alabama residents in 1997 to purchase vehicles; 894 loans to Alabama residents in 2001 to purchase vehicles; and 894 loans to Alabama residents in 2003 to purchase vehicles. The trial court denied Fidelity's motion.
Fidelity seeks a writ of mandamus ordering the trial court to grant its motion to dismiss it as a defendant for lack of personal jurisdiction. Fidelity argues that it has not waived its right to assert the defense of lack of personal jurisdiction and that it does not have sufficient contacts to be subject to either specific jurisdiction or general jurisdiction in Alabama.
 I. Standard of Review
A writ of mandamus is an extraordinary remedy that is available when a trial court has exceeded its discretion. Ex parteWisconsin Physicians Serv. Ins. Corp., 800 So.2d 588, 590 (Ala. 2001). Mandamus is the appropriate remedy to challenge an interlocutory ruling on the issue of personal jurisdiction, and a writ will issue only upon a showing of "(a) a clear legal right in the petitioner to the order sought, (b) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (c) the lack of another adequate remedy, and (d) the properly invoked jurisdiction of the court." Ex parte McInnis,820 So.2d 795, 798 (Ala. 2001).
 II. Whether Fidelity Waived the Issue of Personal Jurisdiction
Austin argues that Fidelity waived any objection to personal jurisdiction by not asserting lack of personal jurisdiction as an affirmative defense in its initial responsive pleading or by filing a Rule 12(b), Ala. R. Civ. P., motion to dismiss before it filed its initial responsive pleading. Fidelity argues that there was no waiver because it timely amended its initial responsive pleading pursuant to Rule 15(a), Ala. R. Civ. P., to add the lack-of-personal-jurisdiction defense.
Rule 12(b) provides: *Page 1120 
 "Every defense, in law or fact to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person. . . ."
Rule 15(a) provides:
 "Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court's own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires."
We first point out that Rule 12(b) does not require that a defense of lack of personal jurisdiction be asserted by motion. At the option of the pleader, such a defense may be asserted either by answer or by motion. Here, Fidelity filed an answer as its initial response to the complaint and in that answer Fidelity averred that it was "without knowledge or information sufficient to form a belief as to the truth of the averments [relating to jurisdiction]." Such a response constitutes a denial. Rule 8(b) ("If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state, and this has the effect of a denial."). Consequently, Fidelity did not waive the defense of lack of jurisdiction over the person when it filed its initial response.
Rule 12 and Rule 15, when read together, allow a defendant to amend an answer to include a Rule 12(b) defense, which is normally asserted, at the option of the pleader in the initial responsive pleading or in a motion filed before the initial responsive pleading, provided that the motion to amend is filed more than 42 days before trial.
 "`Therefore, any defense in law or in fact available to a party at the time he serves his responsive pleading should be asserted. But the policy of compelling the assertion of defenses by responsive pleading is not absolute. The liberal amendment policies under Rule 15 allow a party to add defenses to his responsive pleading that have been overlooked by mistake or neglect or that have become available to him after he has served his pleading, provided that the amendment does not prejudice the opposing party.'"
C. Wright A. Miller, Federal Practice and Procedure § 1348, at 538 (1969). The trial court may prohibit the amendment, or the opposing party may move to strike the amendment. Here, the trial court allowed Fidelity's amendment to add a specific statement of the defense of lack of personal jurisdiction.[3]
Previously, Fidelity's denial of Austin's assertion of jurisdiction over the person was based only upon an allegation of lack of information sufficient to form a belief. Austin made no objection or motion to strike Fidelity's amendment. The answer, as amended, was before the *Page 1121 
court at the time of the adverse ruling of which Fidelity complains. Because Fidelity denied Austin's assertion of jurisdiction over the person in its initial response and included specific allegations of lack of personal jurisdiction through a proper amendment without an objection from Austin, there has been no waiver in this case.
 III. Whether Fidelity Has Sufficient Contacts to Subject It to Personal Jurisdiction in Alabama A. Overview
The parties dispute whether Fidelity has sufficient contacts to be subject to personal jurisdiction in Alabama's courts. "The Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant." World-Wide Volkswagen Corp. v. Woodson,444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), citingKulko v. California Superior Court, 436 U.S. 84, 91,98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). Rule 4.2, Ala. R. Civ. P., Alabama's long-arm rule, "extends the personal jurisdiction of Alabama courts to the limits of due process under the federal and state constitutions." Elliott v. Van Kleef, 830 So.2d 726, 729 (Ala. 2002). Rule 4.2 provides:
 "(2) Sufficient Contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's
"(A) transacting any business in this State;
". . . .
 "(D) causing tortious injury or damage in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in this state;
 "(E) causing injury or damage in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the person might reasonably have expected such other person to use, consume, or be affected by the goods in this state, provided that the person also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
". . . .
 "(I) otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States."
Furthermore, there are two different classifications of contacts that form the basis for personal jurisdiction: general contacts and specific contacts.
 "`General contacts, which give rise to general personal jurisdiction, consist of the defendant's contacts with the forum state that are unrelated to the cause of action and that are both "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 9, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) [citations omitted]. Specific contacts, which give rise to specific jurisdiction, consist of the defendant's contacts with the forum state that are related *Page 1122 
to the cause of action. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Although the related contacts need not be continuous and systematic, they must rise to such a level as to cause the defendant to anticipate being haled into court in the forum state. Id.'"
Elliott, 830 So.2d at 730.
 B. Specific Jurisdiction
Specific jurisdiction requires the existence of "a clear, firm nexus between the acts of the defendant and the consequences complained of" by the plaintiff. Duke v. Young, 496 So.2d 37,39 (Ala. 1986). Furthermore, the nexus must be supported by evidence indicating that "`the defendant purposefully directed [his actions] toward the forum state.'" Elliott, 830 So.2d at 731. Fidelity's contacts with the Alabama plaintiffs are minimal. Fidelity alleges that of the two Alabama plaintiffs, only one held an SDIRA with Fidelity; it says it has no record of an account for the other who claimed damages from investing in an SDIRA held by Fidelity. There is no clear connection between the contacts and the claims the Alabama plaintiffs assert against Fidelity in this action. Therefore, the contacts do not rise to the level that Fidelity would reasonably anticipate being haled into court in Alabama to defend against an action brought by these plaintiffs and involving these contacts. Specific jurisdiction does not exist under the facts presented; the question remains whether Fidelity can be subject to general jurisdiction in Alabama.
 C. General Jurisdiction
Austin alleges — and Fidelity does not dispute — that Fidelity has maintained separate accounts for Alabama residents over the past several years in the following amounts: 1,248 accounts for Alabama residents in 1997; 1,576 accounts for Alabama residents in 1998; 1,916 accounts for Alabama residents in 1999; 2,150 accounts for Alabama residents in 2000; 1,986 accounts for Alabama residents in 2001; 1,962 accounts for Alabama residents in 2002; and 2,118 accounts for Alabama residents in 2003. Austin also alleges — and Fidelity does not dispute — that Fidelity has extended vehicle loans to Alabama residents over the past several years in the following amounts: 515 vehicle loans to Alabama residents in 1997; 894 vehicle loans to Alabama residents in 2001; and 894 vehicle loans to Alabama residents in 2003. Fidelity maintains that those accounts and vehicle loans to Alabama residents do not constitute sufficient contacts with the State because, it says, Fidelity did not actively seek business from Alabama residents. According to Fidelity, it had relationships with automobile dealerships that referred their customers to Fidelity. Fidelity also states that independent investment consultants encouraged their Alabama clients to open bank accounts, specifically the SDIRAs held by one of the Alabama residents involved in this action.
The nexus between the contacts and the claims alleged does not have to be as concrete for a finding of general jurisdiction as it does for a finding of specific jurisdiction. Ex parteLagrone, 839 So.2d 620, 628 (Ala. 2002). In Lagrone, Fisher Products, a nonresident defendant, sold products to a third party that, in turn, sold and shipped the products to Alabama residents. In holding that Fisher Products was subject to general personal jurisdiction in Alabama, this Court stated:
 "Fisher Products conceded that it knew that the products included in the 17 transactions were being shipped to customers in Alabama. Fisher Products placed its products into the stream of commerce with not only the `expectation,' *Page 1123 
but with the actual knowledge that the products would be purchased by consumers in this State. See World-Wide Volkswagen [Corp. v. Woodson], 444 U.S. [286] at 297-98, 100 S.Ct. 559[, 62 L.Ed.2d 490] [(1980)]. Thus, even assuming that Fisher Products was unaware that the other products it sold to Norco and shipped to Norco's warehouses were to be marketed by Norco in Alabama, Fisher products knew that those 17 shipments were being sold to Alabama customers. Thus, in light of those shipments, Fisher Products `"should reasonably [have] anticipate[d] being haled into court [in Alabama]."' Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), quoting World-Wide Volkswagen Corp., 444 U.S. at 295, 100 S.Ct. 559. The acts of Fisher Products are sufficiently `continuous and systematic' to establish Alabama's general in personam jurisdiction. Helicopteros Nacionales de Colombia, S.A. [v. Hall], 466 U.S. [408] at 414 n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 [(1984)]."
Lagrone, 839 So.2d at 627-28.
Fidelity cannot hide behind its use of third parties to facilitate accounts with Alabama residents to avoid personal jurisdiction in Alabama courts. Although Fidelity may have never directly marketed its services to Alabama residents, Fidelity knew that the automobile dealerships and investment brokers frequently referred their customers to Fidelity. As a result, Fidelity has had an increasing number of customers from Alabama over the last few years. It would not be unreasonable for Fidelity, whose practice of accepting Alabama customers from third-party referrals was continuous and systematic, to anticipate facing litigation in Alabama. Therefore, Fidelity should be subject to general jurisdiction under Alabama's long-arm provision, Rule 4.2(a)(2)(I).
To comply with due process under the Fourteenth Amendment, this Court must also decide whether holding Fidelity to general personal jurisdiction in Alabama "is consistent with `traditional notions of fair play and substantial justice.'" Lagrone, 839 So.2d at 628, citing Ex parte United Bhd. of Carpenters Joiners of America, AFL-CIO, 688 So.2d 246, 252 (Ala. 1997);Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77,105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Brooks v. Inlow, 453 So.2d 349,351 (Ala. 1984); International Shoe Co. v. Washington,326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Fidelity has not offered any argument nor is there any evidence presented in the documents before this Court that would indicate that the burden upon Fidelity of litigating this action in Alabama is of such a magnitude that its right to due process is compromised.
 IV. Conclusion
Although Fidelity did not waive its right to contest personal jurisdiction, its objection to jurisdiction fails because it has engaged in such systematic and continuous contacts with Alabama residents as to subject itself to general jurisdiction in this State. Therefore, Fidelity's petition for a writ of mandamus is denied.
PETITION DENIED.
SEE, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
HOUSTON, J., concurs in the result.
[1] This Court previously issued a writ of mandamus to Dill, Dill, Carr, Stonbraker Hutchings, P.C., a Colorado law firm and a codefendant in this case, on an issue similar to the one now raised by Fidelity. See Ex parte Dill, Dill, Carr, Stonbraker Hutchings, P.C., 866 So.2d 519 (Ala. 2003). That case contains a detailed description of the investment plans made the cause of action in this case.
[2] A Ponzi scheme is "an investment swindle in which some early investors are paid off with money put up by later ones in order to encourage more and bigger risks." Merriam-Webster'sCollegiate Dictionary 964 (11th ed. 2003).
[3] Even if we concluded that Fidelity's previous responses constituted a waiver, the defense of lack of personal jurisdiction can be asserted by amendment. Rule 12(h), Ala. R. Civ. P., provides for "Waiver or Preservation of Certain Defenses" and states:
 "(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g) [omission of a defense then available from a motion raising other defenses], or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."
(Emphasis added.) *Page 1124